## Richmond

## RODERICK CECIL JONES v. COMMONWEALTH OF VIRGINIA

January 13, 1978.

Record No. 770640.

Present: All the Justices.

*Oldric J. LaBell, Jr.*, for plaintiff in error.

*Vera S. Warthen, Assistant Attorney General (Anthony F. Troy, Attorney General*, on brief), for defendant in error.

POFF, J., delivered the opinion of the Court.

The principal question on appeal, raised below on a motion to dismiss, is whether defendant's conviction of grand larceny of an automobile following his conviction of robbery involving larceny of money offended the constitutional guarantees against double jeopardy, U.S. CONST. amend. V; Va. CONST. art. I, § 8, or the provisions of Code § 19.2-294 (Repl. Vol. 1975).

It appears from the evidence (the sufficiency of which is not challenged) that Roderick Cecil Jones, armed with a pistol, entered the office of a Holiday Inn Motel and forced Alton Cole, the clerk in charge, to give him the money in the cash drawer and the keys to the Holiday Inn "courtesy car" which were hanging on a wall hook. Defendant required Cole to accompany him to the car, parked some two hundred yards from the office, and open the driver's door. Defendant entered the car, laid the money and pistol on his lap, and drove away.

Upon defendant's plea of not guilty and waiver of trial by jury, the trial court convicted him of robbing Cole of the money in violation of Code § 18.2-58 (Repl. Vol. 1975) and, by order entered January 14, 1977, sentenced him to 31 years in the penitentiary. Upon a separate indictment, the trial court convicted defendant of grand larceny of the automobile in violation of Code § 18.2-95 (Repl. Vol. 1975). By final order entered on that indictment on January 14, 1977, defendant was sentenced to four years in the penitentiary, the sentence to run concurrently with that imposed on the armed robbery conviction.[1]

---

[1] Although we awarded a writ of error addressed to both judgment orders, the writ was "limited to the consideration of the question of grand larceny of auto."

■ The fact that the grand larceny penalty was made to run concurrently with the robbery penalty does not defeat defendant's constitutional claim; the double jeopardy clauses forbid not only subsequent punishment but subsequent prosecution. *North Carolina* v. *Pearce*, 395 U.S. 711, 717 (1969). Those clauses apply not only when the two offenses are identical, but also when the former offense is lesser-included in the subsequent offense. *Rouzie and Boudreau* v. *Commonwealth*, 215 Va. 174, 176, 207 S.E.2d 854, 856 (1974); *accord, Epps* v. *Commonwealth*, 216 Va. 150, 153, 216 S.E.2d 64, 67 (1975); *Jones* v. *Commonwealth*, 218 Va. 18, 20, 235 S.E.2d 313, 314 (1977). The guarantees also apply when the subsequent offense is lesser-included in the former offense. *In re Nielsen*, 131 U.S. 176 (1889) (illegal cohabitation and adultery); *accord, Brown* v. *Ohio*, 432 U.S. 161 (1977) (auto theft and joy riding).

■ Defendant does not contend that the two crimes of which he was convicted are identical offenses. His constitutional claim is based upon his argument that, generically, grand larceny is a lesser-included offense of robbery. We believe that, for purposes of the double jeopardy clauses, grand larceny is a lesser-included offense of robbery only when it is the theft expressly charged in the robbery indictment.

One offense is not lesser-included within another unless all of its elements are included in the other. *See Ashby* v. *Commonwealth*, 208 Va. 443, 446, 158 S.E.2d 657, 659 (1968), *cert. denied*, 393 U.S. 1111 (1969). Said differently, one offense is not lesser-included within another if it contains an element the other does not.

> "If all of the elements of a given offense are to be found in another offense, the former is necessarily included in the latter. Before a lesser offense can be said to constitute a necessary part of a greater offense, all the legal ingredients of the corpus delicti of the lesser offense must be included in the elements of the greater offense; so, if an element necessary to establish the corpus delicti of the lesser offense is irrelevant to the proof of the greater offense, the lesser cannot be held to be a necessarily included offense. (footnotes and assembled cases omitted)." 22 C.J.S. Criminal Law § 283(a) (1961).

Definitionally, theft is an essential component of robbery and charged as such in every robbery indictment. Manifestly, a

robbery indictment includes all elements of whatever larceny offense it charges, whether grand or petit, and the larceny offense charged is, therefore, lesser-included in robbery.[2] Here, grand larceny of the car was not charged in the robbery indictment. Since one of the essential elements of that larceny offense was the value of the car, Code § 18.2-95, and that element is not an essential element of robbery, *Pierce* v. *Commonwealth*, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964), we hold that the crime of larceny of which defendant was convicted was not lesser-included in the crime of robbery of which he was convicted.

◼ Aside from his constitutional claim, defendant invokes Code § 19.2-294 which reads, in part, as follows:

"If the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others."

Defendant contends that the theft of the money underlying the robbery conviction and the theft of the car underlying the grand larceny conviction constituted indivisible parts of "the same act" within the mandate of the statute. Citing *Blockburger* v. *United States*, 284 U.S. 299 (1932), the Commonwealth argues that, even if it be assumed "that these were but one act", the statute does not apply because the two thefts constituted two different offenses. The *Blockburger* court held:

"The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304.

And in *Miles* v. *Commonwealth*, 205 Va. 462, 467, 138 S.E.2d 22, 27 (1964), we said that "[i]t is the identity of the offense which is referred to in the constitutional guarantee against double jeopardy." But the rule in *Blockburger* and that in *Miles* were addressed to the constitutional guarantee; what the statute before us refers to is the identity of the *act.* Thus, if the offenses are different and one is not lesser-included in the other, the

---

[2] *See Bazemore* v. *Commonwealth*, 210 Va. 351, 353, 170 S.E.2d 774, 776 (1969); *Blowe* v. *Peyton*, 208 Va. 68, 75, 155 S.E.2d 351, 357 (1967).

constitutional guarantee does not apply. *Jones* v. *Commonwealth, supra.* If the acts are different, the statutory mandate does not apply. *Epps* v. *Commonwealth, supra.*

In support of his statutory claim, defendant relies upon the rule quoted in *Holly's Case*, 113 Va. 769, 772, 75 S.E. 88, 89 (1912):

> " 'The theft of several articles at one and the same time constitutes an indivisible offense, and a conviction or acquittal of any one or more of them is a bar to a subsequent prosecution for the larceny of the others.' "

In two respects, that rule is inapplicable here.

First, the rule applies only to a case involving multiple larceny prosecutions predicated upon the theft of multiple articles stolen contemporaneously. Defendant was prosecuted for only one larceny offense.[3]

Second, while multiple articles were stolen, they were not stolen "at one and the same time". Larceny of the money was complete and the act underlying that offense ended the moment the money was taken and carried away. Larceny of the car, located two hundred yards from the scene of the first theft, and the act underlying that offense occurred at a different place at a later point in time. True, the two thefts involved property of the same owner and were committed by the same criminal agent during a continuing course of intimidation of the same victim; in those respects, the two acts are *similar*. But, like the statutory rule, the rule in *Holly's Case* forbids multiple prosecution of offenses springing from the *same* criminal act. Here, in terms of time and situs, the two thefts involved two separate and distinct acts of caption and two different acts of asportation.

We hold, therefore, that the acts which constituted the two offenses of which defendant was convicted were not "the same act" within the meaning of Code § 19.2-294.

Defendant also raises two evidentiary questions, one alleging a variance between the grand larceny indictment and the proof of ownership of the car and the other challenging the admis-

---

[3] If defendant had been convicted of larceny of the money, the rule in *Holly's Case* would bar a subsequent prosecution for larceny of the car (assuming both articles were stolen contemporaneously).

sibility of lay testimony concerning the value of the car. Finding no reversible error on either issue, we affirm the two judgments to which the writ was addressed.

*Affirmed.*