## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

David S. Webb

August 26, 1980

Case No. 80–1566 FO6

BY JUDGE EDWARD L. RYAN, JR.

On January 14, 1980, this court declared the defendant an habitual offender.

On June 16, 1980, the Norfolk General District Court convicted defendant on a charge of operating a motor vehicle on a suspended license.

*Subsequently*, the defendant was indicted, on the same facts, for "operation of motor vehicle by habitual offender prohibited; penalty; enforcement of section." Code Section 46.1–387.8.

On August 26, 1980, the latter charge came on before this court for trial. Defendant pleads an exposure to double jeopardy. This point is well taken.

In answer, the Commonwealth's Attorney cites *Jones v. Commonwealth*, 218 Va. 757 (1978), but the facts and principles there stated are inapposite. Jones entered a motel, displayed a firearm and robbed the manager of money. Upon completion of that crime, and as a part of the same enterprise, he then walked 200 yards to a parking lot and stole the motel's motor vehicle. Rejecting defendant's constitutional claim, the court said, "Here in terms of time and situs, the two thefts involved two separate and distinct acts of caption and two different acts of asportation."

Former jeopardy depends upon the identity of the offenses charged and the facts necessary to establish those offenses.

> The test applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second . . . .
>
> Where only a single identical offense is committed, the state cannot carve it into two offenses in order to inflict double punishment for one and the same act. 7 Am. Jur. 2d, *Automobiles, etc.,* § 342.

Defendant Webb committed one separate and indivisible act resulting in the violation of statute law: driving a motor vehicle while proscribed by law. The same facts are supportive of convictions under either of the two statutes.

It appears that the General Assembly anticipated the defense here raised by Webb in the second and concluding paragraph of Code § 46.1–387.8.

> *For the purpose of enforcing this section,* in *any case* in which the accused is charged with driving a motor vehicle while his license, permit, or privilege to drive is *suspended* or revoked or is charged with driving without a license, the court *before hearing* such charge *shall* determine whether such person has been held an *habitual offender* and by reason of such holding is barred from operating a motor vehicle on the highways of this State. *If the court determines the accused has been so held, it shall certify the case to the court of record of its jurisdiction for trial.* (Emphasis added.)

Defendant's plea is sustained.