**Salem**

## LORETTA LAWHORNE WADE

v.

## COMMONWEALTH OF VIRGINIA

No. 0906-88-3

Decided January 30, 1990

COUNSEL

Robert F. Rider (Rider, Thomas, Cleaveland, Ferris & Eakin, on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

MOON, J.—We hold that Loretta Lawhorne Wade's conviction of attempted capital murder of a police officer, after having previously been convicted of obstruction of justice upon the same evidence, must be reversed because the prosecution for attempted capital murder violated the statutory proscription of Code § 19.2-294.[1]

The statutory offenses involved in the instant case are Code § 18.2-460(B), obstruction of justice, and Code § 18.2-31(f), attempted killing of a police officer to interfere with the performance of his duties. Code § 18.2-460(B) provides: "If any person by threats, or force, knowingly attempts to intimidate or impede a. . . law enforcement officer, lawfully engaged in his duties as such. . . he shall be deemed to be guilty of a Class 1 misdemeanor." Code § 18.2-31(f) defines capital murder as "[t]he willful, deliberate and premeditated killing of a law-enforcement officer. . . when such killing is for the purpose of interfering with the performance of his official duties. . . ."

■ An attempt to commit a crime consists of (1) intent, and (2) doing some direct act toward its consummation which is more than mere preparation but short of execution of the ultimate purpose. *Sizemore v. Commonwealth*, 218 Va. 980, 983, 243 S.E.2d 212, 213 (1978).

---

[1] Code § 19.2-294 provides in relevant part: "If the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others . . . ."

The evidence shows that Wade, despondent because her boy-friend was having an affair with Linda Montgomery, bought a pistol and ammunition and went to her mother's grave to pray; while there, she wrote a suicide note. Thereafter, Wade shot Linda Montgomery five times.

Approximately thirty minutes after shooting Montgomery, Wade pulled her car into a convenience store parking lot. At that time, Deputy Sheriff Jerry Caldwell saw her and recognized her and her car as fitting the descriptions of the woman and car that he and other officers had been searching for since the shooting. Caldwell ran from his car to Wade's car. When he reached the driver's door, he observed Wade's hands on the steering wheel. Caldwell testified that he stated to Wade that he was a police officer and that she was under arrest. Wade looked up at him, then looked away, reached down to the seat with her right hand, and picked up her pistol. She looked back at him and raised the pistol, pointing it directly at him. Caldwell reached through the open window and wrestled the pistol from her. The pistol discharged and fell to the floor of the car. Caldwell received powder burns but was not otherwise injured. Caldwell testified that "she fired the gun in my direction." A second officer present, deputy Mullins, who had responded to Caldwell's report of locating Wade, testified that Wade cocked her wrist so that the gun pointed at Caldwell at the moment of discharge. A third officer, Deputy Kelly, testified that Wade brought the gun around in front of her and at no time pointed it at herself.

This encounter with Deputy Sheriff Caldwell served as the basis for the charges of attempted capital murder of a police officer and use of a firearm while attempting to commit murder.

At the time of the preliminary hearing for the capital murder charge and use of a firearm while attempting to commit murder charge, the general district court also heard on the merits the additional charge of obstruction of justice arising out of the same incident. The general district court convicted Wade of obstruction of justice and certified the felony charges to the grand jury. Wade appealed the obstruction of justice conviction to the circuit court.

After the grand jury had indicted Wade on the two felony charges, Wade's counsel filed a request for a bill of particulars, asking the Commonwealth to state what evidence it relied on to

prove the obstruction of justice and capital murder charges. The request asked the Commonwealth to state "the specific acts of the defendant upon which the Commonwealth relies to prove the alleged act of attempted capital murder" and "the alleged charge of [obstruction of justice]." With regard to the obstruction of justice charge, the Commonwealth answered: "She attempted to impede Jerry Caldwell in the performance of his duty by firing a shot at him." With regard to the capital murder charge, the Commonwealth responded: "Firing a gun at Deputy Jerry Caldwell." Before the capital murder case was tried, Wade withdrew her appeal of the obstruction of justice charge and, thus, stood convicted in the general district court on that charge. Alleging the bar of Code § 19.2-294, she then filed a motion asking the court to bar prosecution of the felony charges.

At trial, the Commonwealth maintained that prosecution of the felony charges[2] was not barred because both felony charges required proof of additional facts which were not required for the obstruction of justice charge. However, on appeal, the Attorney General also argues that in the general district court the judge may not have relied upon the firing of the shot but instead may have found that Wade obstructed justice by resisting Officer Kelly when Officer Kelly helped arrest her after she fired the shot. Kelly's testimony during the capital murder was:

> I opened the door and got in on the passenger side and got in the front seat with her. There was still a scuffle going on between Mrs. Wade, Deputy Mullins and Deputy Caldwell. . . . I eventually grabbed her right arm and then pinned it against her body. And then Deputy Mullins said "I've got the gun." And at that point, I pinned her, well I got hold of her right wrist then and had it pinned on the seat beside her. . . . Deputy Caldwell reached in and put the car in park and I turned it off and took the keys out. And we took Mrs. Wade out of the vehicle at that point.

If Officer Kelly testified in the general district court, and his testimony was the same as it was in the capital murder trial, that

---

[2] The charge of use of a firearm in the commission of attempted capital murder is a charge which requires proof of all the elements of attempted capital murder. Because we conclude, on the facts that the attempted capital murder charge cannot be maintained, we also necessarily conclude that the firearms charge cannot.

testimony was not sufficient to prove obstruction of justice. No inference of resistance can be drawn merely because Kelly "grabbed" Wade's right arm and "pinned" it on the seat.

Moreover, we do not believe the Commonwealth can claim one set of facts in the trial court, the circuit court, and another on appeal. The purpose of a bill of particulars is to clarify the basis upon which a charge is brought so that defendants may assert, in appropriate circumstance, the very claim the defendant here asserts.

> Generally, the purpose of the bill of particulars is not only to apprise the accused of the specific charges against him, but also to enable him to plead his acquittal or conviction in bar of any subsequent prosecution for the same offense.

3A Michie's Jurisprudence, *Bill of Particulars* § 3 (1976) (citing *United States v. Bird*, 179 F. Supp 467 (S.D.W. Va. 1959)); *Tasker v. Commonwealth*, 202 Va. 1019, 121 S.E.2d 459 (1961) (citing *Livingston v. Commonwealth*, 184 Va. 830, 837, 36 S.E.2d 561, 565 (1946); *Wilkerson v. Commonwealth*, 122 Va. 920, 922, 95 S.E. 388, 388 (1918); *see also Pine v. Commonwealth*, 121 Va. 812, 832-33, 93 S.E. 652 (1917); *Arrington v. Commonwealth*, 87 Va. 96, 12 S.E. 224 (1890).

The defendant is required to do no more than show that the "act" which served as the basis for the obstruction of justice conviction was "the same act" which was used to convict her of attempted capital murder. Since the purpose of the bill of particulars was to provide the defendant information upon which to plead a bar to prosecution, the Commonwealth in response to the bill, if it intended to rely on proof other than the firing of the single shot, should have said so. The Commonwealth, having admitted that the "same act" was "the cause and nature" of both offenses, may not now, on appeal, argue that there was something else that might have happened.

Accordingly, the only reasonable conclusion that can be drawn from the evidence is that one "act" — the firing of the single shot — was the basis of both prosecutions. Code § 19.2-294, which bars conviction of separate crimes based upon the "same act," bars the subsequent prosecution of capital murder where the defendant previously has been convicted of obstruction

of justice for the very "act" that served as the basis for the capital murder charge.

The Attorney General cites three cases in which the Supreme Court ruled that Code § 19.2-294 did not bar a subsequent prosecution. However, we believe these cases illustrate why this prosecution is barred. First, in *Estes v. Commonwealth*, 212 Va. 23, 181 S.E.2d 622 (1971), the Supreme Court held that prosecutions for both driving under the influence and driving on a suspended license, although arising from the same incident, were not barred by Code § 19.2-294. The Supreme Court pointed out in *Estes* that the same evidence was not required to sustain both convictions because Estes could have been convicted of the act of driving under the influence without proof of the suspension of his driver's license, and he could have been convicted of the act of driving under a suspended license without proof of his intoxication. Thus, these convictions were based on different acts arising from the same incident.

The Commonwealth also relies on *Jones v. Commonwealth*, 218 Va. 757, 240 S.E.2d 658 (1978), *cert. denied*, 435 U.S. 909, 439 U.S. 892 (1978), in which the Supreme Court found that robbery and grand larceny convictions arising from the same criminal incident were not barred by Code § 19.2-294. However, in that case, the robbery was completed after Jones entered the hotel, pulled his gun and robbed the person of money. The grand larceny occurred after Jones left the hotel and drove away in the victim's automobile. On the robbery conviction, the Commonwealth was not required to prove that the defendant stole the automobile, and on the grand larceny conviction, it was not required to show that the defendant robbed the victim inside the hotel. *Jones*, like *Estes*, did not involve a single act resulting in two criminal convictions.

Finally, the Commonwealth relies on *Downey v. Peyton*, 451 F.2d 236 (4th Cir. 1971), which held that a person can be convicted of both grand larceny and burglary where the grand larceny takes place during the burglary. However, to prove the burglary, the government was not required to prove the grand larceny; it was necessary only to prove intent to commit larceny. On the other hand, to prove the grand larceny, the government was not required to prove the burglary; it was necessary only to prove the taking of the property with the intent to deprive the owner thereof.

Thus, none of the cases cited by the Commonwealth support its contention that, under the circumstances of this case, the capital murder charge can be sustained. In this case, the "act" relied on by the Commonwealth to prove the attempted capital murder charge was the firing of a single shot at Officer Caldwell with the intent of interfering with the performance of his lawful duties. This was the very "same act" relied on to prove the obstruction charge. The Commonwealth was required to prove no other "act" by Wade to sustain either charge. It is true that in the obstruction case the Commonwealth was required to prove that the officer was actually *engaged* in carrying out his duties. This fact was not necessary in the capital case, where the Commonwealth needed only prove that the intent was for the purpose of interfering with the performance of the officer's official duties. However, no other act of the accused had to be proved in either case other than the firing of the single shot with the intent of interfering with the performance of the officer's lawful duties. Code § 19.2-294 speaks to "acts" of the accused, not elements of the offense.

Therefore, because the "same act" was used to prove the violation of both statutes, the judgment of conviction of capital murder is reversed and the indictment dismissed.

*Reversed.*

Koontz, C.J., and Barrow, J., concurred.