401 S.E.2d 208 (1991)
Glenn W. FITZGERALD
v.
COMMONWEALTH of Virginia.
Record No. 0234-89-3.
Court of Appeals of Virginia.
February 5, 1991.
Rehearing en banc Granted March 22, 1991.
*209 J. Harold Eads, Fincastle, for appellant.
Robert H. Anderson, III, Asst. Atty. Gen. (Mary Sue Terry, Atty. Gen., on brief) for appellee.
Present: BARROW, BENTON and COLEMAN, JJ.
BARROW, Judge.
In this criminal appeal we address whether one may be convicted of destruction of private property in violation of Code § 18.2-137, in addition to being convicted of burglary in violation of Code § 18.2-91, as a result of causing damage to property when breaking and entering a building. We conclude that a person may be convicted of both offenses because each offense requires proof of a fact not required for the other.
One night, the appellant and a companion committed several burglaries in adjoining counties. In Botetourt County, they committed four burglaries, in three of which they damaged structures in achieving their entry. At Wattstull Shell Service Station, the companion, using a tire iron, broke into one of the bay doors of the gas station, causing $115 damage to the door. Next, they broke into a building containing Cathy's General Store and Cathy's Laundromat. After unsuccessfully attempting to "jimmy" the front door, the appellant's companion gained entry by using a tire iron to break open the back side door, completely splitting it open. Finally, at Bunn's Texaco and Sub Shop, the appellant's companion used a pipe to knock out the front window, causing about $300 in damage.
The defendant argues that the charges of destruction of private property and breaking and entering represent multiple *210 punishments for the same offense and therefore, should have been merged. The prohibition against double jeopardy contained in the United States Constitution protects against multiple punishments for the same offense. Blythe v. Commonwealth, 222 Va. 722, 725, 284 S.E.2d 796, 797 (1981). It also protects against a second prosecution for the same offense after acquittal or after conviction, id. In that context, offenses will be deemed the "same" offense when, in a subsequent prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted. Grady v. Corbin, ___ U.S. ___, 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548 (1990). Since the defendant's convictions occurred in a single trial, only the guarantee against multiple punishments for the same offense is applicable. See Blythe v. Commonwealth, 222 Va. at 725, 284 S.E.2d at 797-98.
"[T]he test to be applied is "`whether each [offense] requires proof of a fact which the other does not.'" Id. (quoting Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). Even if offenses are the "same" under this test, the underlying question is whether the General Assembly intended that these two offenses be punished cumulatively. Blythe v. Commonwealth, 222 Va. at 726, 284 S.E.2d at 798.
The elements of each offense must be examined in the abstract, not with regard to the particular facts involved in this case. Id. The offense of destruction of private property consists of taking and carrying away or destroying, defacing or injuring any real or personal property not one's own. Code § 18.2-137. Statutory burglary occurs when a person "in the nighttime enters without breaking or in the daytime breaks and enters or enters and conceals himself" in a dwelling or certain other described premises with intent to commit larceny.
Each of these offenses requires proof of a fact which the other does not. Destruction of private property requires proof of either damaging or carrying away some other person's property. Burglary may involve a breaking, but, if committed at nighttime or accomplished by entering a house and concealing oneself inside, may be accomplished without a breaking. Even if a breaking occurs, only slight force is required. Finch v. Commonwealth, 55 Va. (14 Gratt.) 643, 646 (1858). Therefore, statutory burglary may be proved without the necessity of proving that private property has been damaged or carried away. On the other hand, destruction of private property under Code § 18.2-137 may be proved without the necessity of proving an entry into a dwelling, house or other premises or without proving any intent to commit larceny.
Code § 19.2-294,[1] which bars a prosecution for a violation of one statute if a defendant has been convicted of violation of another statute for the same act, is equally inapplicable. Application of this statute depends upon violations of two statutes arising from the "same act." Wade v. Commonwealth, 9 Va.App. 359, 365, 388 S.E.2d 277, 279 (1990). If the "same act" is "a violation of two or more statutes," conviction under one statute is a bar to a prosecution under the other. Code § 19.2-294. The "same act" involved in this case was the breaking of the doors of the places broken into. This act, although common to both the convictions of breaking and entering and the convictions for destroying private property, was a violation of Code § 18.2-137, destroying private property, but was not a violation of Code § 18.2-91, statutory burglary. Thus, the same act was a violation of only one of the two statutes, not both.
In addition, a conviction of one statutory offense does not bar conviction under another statutory offense if each offense could have been proved without the necessity of proving the other. See Jones v. Commonwealth, 218 Va. 757, 761, 240 *211 S.E.2d 658, 662, cert. denied, 435 U.S. 909, 98 S.Ct. 1459, 55 L.Ed.2d 500, 439 U.S. 892, 99 S.Ct. 249, 58 L.Ed.2d 238 (1978). In this case, proof that the appellant damaged two doors and a window in entering these three establishments did not require proof of statutory burglary. Likewise, proof that he had entered these premises during the nighttime to commit larceny did not require proof that he had damaged them in achieving entry.
In Padgett v. Commonwealth, 220 Va. 758, 263 S.E.2d 388 (1980) the Supreme Court interpreted Code § 19.2-294.1, a statute similar to Code § 19.2-294. In Padgett, the Court concluded that convictions of driving while intoxicated and reckless driving arising out of the same high speed chase were "the same act or acts" contemplated in Code § 19.2-294.1. The Court said that the act of driving, a "continuous, uninterrupted course of operation of a motor vehicle" was the "same act or acts" out of which the two charges grew and, therefore, the earlier reckless driving conviction barred the later driving while intoxicated offense. Id. at 761, 263 S.E.2d at 389-90. In this case, the breaking of a door may have been one continuous act, but the act of entering the property with intent to commit larceny, although immediately following the breaking, was a separate act from the breaking.
We conclude, therefore, that the appellant was properly convicted of both destruction of private property and burglary and that his convictions should be affirmed.
Affirmed.[2]
BENTON, Judge, dissenting.
Glenn W. Fitzgerald was charged with the burglary of three separate commercial establishments. Although the majority correctly observes that burglary may be accomplished in the nighttime without a breaking, see Code § 18.2-90, the Commonwealth did not proceed upon that theory. Each of the indictments charged that Fitzgerald "did break and enter." Because entry was gained by breaking either a door or window at each establishment, Fitzgerald was also charged by warrants with the destruction of property at each of the establishments. Each warrant charged that Fitzgerald "did destroy private property, namely" a door or window, in violation of Code § 18.2-137.
Fitzgerald's accomplice testified for the Commonwealth under a plea agreement. The accomplice testified that Fitzgerald remained in the automobile while the accomplice used a tire iron to break the door to enter one establishment; "grabbed a ... pipe ... and busted out the front window [and] crawled through the window" of another establishment; and used a tire iron "to bust open the back side door ... to get in" the other establishment. Based on this testimony, the jury found Fitzgerald guilty of "breaking and entering" each establishment and guilty of destruction of private property growing out of the means used to effect the entries.
Code § 19.2-294 provides in pertinent part as follows:
If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.
The statutory phrase "same act" focuses on the conduct of the accused, or, as relevant to this prosecution, the conduct of the accomplice attributed to Fitzgerald as a principal in the second degree. See Carter v. Commonwealth, 232 Va. 122, 126, 348 S.E.2d 265, 267 (1986). Thus, the inquiry must be upon the type of conduct proved by the Commonwealth at trial.
In Padgett v. Commonwealth, 220 Va. 758, 263 S.E.2d 388 (1980), the Supreme Court addressed the inquiry required by Code § 19.2-294.1, which is somewhat analogous to Code § 19.2-294 and which is contained in the same article of the Code.[3] *212 The Supreme Court rejected as inapplicable the tests applied in Jones v. Commonwealth, 208 Va. 370, 157 S.E.2d 907 (1967) and in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), reasoning:
The question here, however, is not whether two distinct and separate offenses were involved so that the prosecution for both could have proceeded without violating double jeopardy principles. If that were the question, the Blockburger test, which was enunciated in a double jeopardy setting, would permit both convictions to stand in this case because the Lynchburg reckless driving charge could have been established without proof that the defendant was intoxicated and the Bedford driving while intoxicated charge could have been sustained without proof that the defendant drove recklessly.
But the bar of Code § 19.2-294.1 encompasses offenses which, although separate and distinct, grow out of "the same act or acts." Thus, the real question in the case is the meaning of this statutory phrase.
Because § 19.2-294.1 relates to matters of a penal nature and is remedial in character, it must be construed strictly against the Commonwealth and favorably to the accused. So construing it, we do not believe that the difference in venue involved in this case alters the singular nature of the act or acts out of which the charges against the defendant arose. We interpret the language, "the same act or acts," to mean "the same act or acts" of driving and to contemplate a continuous, uninterrupted course of operation of a motor vehicle, without regard to the crossing of the boundary line between two localities.
Padgett, 220 Va. at 761, 263 S.E.2d at 389-90 (emphasis omitted).
It is also the case under Code § 19.2-294 that Blockburger is not the controlling test. Under Code § 19.2-294, a technical comparison of the elements of the two statutes is not the issue. The issue to be resolved in applying Code § 19.2-294 is whether the "act" that Fitzgerald is charged with committing is a violation of two or more statutes. See Wade v. Commonwealth, 9 Va.App. 359, 365, 388 S.E.2d 277, 280 (1990) ("Code § 19.2-294 speaks to `acts' of the accused, not elements of the offense"). The inquiry is thus limited to whether the same action or conduct, which the Commonwealth proved at trial and which is being attributed to Fitzgerald, is a violation of both the applicable portion of Code § 18.2-137 that is charged in the warrants and the applicable portion of Code § 18.2-90 that is charged in the indictments. This analysis requires an examination of the "nature of the act ... out of which the charges against the defendant arose." Padgett, 220 Va. at 761, 263 S.E.2d at 389.
The Commonwealth proved only one continuous, uninterrupted act of a singular nature in connection with each of the incidents. The proof established that at each establishment Fitzgerald's accomplice used a tire iron or pipe to break a door or window as he entered the establishment. These acts of breaking a door or window and gaining entrance to the establishments are the conduct in question. That conduct constituted one continuous, indivisible act, in terms of time and place. Cf. Jones v. Commonwealth, 218 Va. 757, 761, 240 S.E.2d 658, 661 (1978). That same conduct forms the basis for the burglary and the destruction of property prosecutions. However, Code § 19.2-294 "forbids multiple prosecution of offenses springing from the same criminal act." Jones, 218 Va. at 761, 240 S.E.2d at 661.
We must also consider that the express language of the indictment charged that Fitzgerald "did break and enter" the various establishments. In Jones v. Commonwealth, 218 Va. 757, 240 S.E.2d 658 (1978), the Supreme Court recognized the significance of the particular wording of an indictment and stated: "Manifestly, a robbery indictment includes all elements of whatever larceny offense it charges, *213 whether grand or petit, and the larceny offense charged is, therefore, lesser-included in robbery." Id. at 760, 240 S.E.2d at 660. See also Blowe v. Peyton, 208 Va. 68, 75, 155 S.E.2d 351, 357 (1967). This holds true even though, as in Jones, an essential "element" of the larceny "offense" is the value of the property, which is not an essential "element" of the "offense" of robbery. Jones, 218 Va. at 760, 240 S.E.2d at 661. Thus, the fact that the alleged conduct in this case (destroying the door or window to effect an entry) is not a technical "element" of statutory burglary is inconsequential. What is determinative is that in proving a breaking into each store, the Commonwealth necessarily proved an act that destroyed personal property, and relied upon that same proof to establish the destruction of private property charge. Thus, the acts that supported the prosecutions in this case (and the evidence used to prove the acts) were the same for the purposes of Code § 19.2-294.
Recently, the United States Supreme Court expressly held that the double jeopardy clause bars a successive prosecution in which the government relies upon conduct that constitutes an offense for which the accused has already been prosecuted. Grady v. Corbin, ___ U.S. ___, 110 S.Ct. 2084, 2087, 109 L.Ed.2d 548 (1990). Code § 19.2-294 is not of recent vintage; however, it is an unambiguous legislative prohibition against twice putting persons in jeopardy for the same act or conduct, whether the prosecutions are contemporaneous or successive. Accordingly, because the proved act violated both statutes, I would hold that the prosecution for damage to personal property was barred by Code § 19.2-294.

Upon a Petition for Rehearing En Banc
Before the Full Court
On February 21, 1991 came the appellant, by court-appointed counsel, and filed a petition praying that the Court set aside the judgment rendered herein on February 5, 1991 and grant a rehearing en banc thereof.
On consideration whereof, the petition for rehearing en banc is granted, the mandate entered herein on February 5, 1991 is stayed pending the decision of the Court en banc, and the appeal is reinstated on the docket of this Court.
The parties shall file briefs in compliance with Rule 5A:35. It is further ordered that the appellant shall file with the clerk of this Court ten additional copies of the appendix previously filed in this case.
NOTES
[1] Code § 19.2-294 reads in pertinent part as follows:

If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.
[2] Other issues raised by the appellant in this appeal have no precedential or public value and, therefore, are considered and disposed of in an unpublished memorandum opinion filed with the clerk of this court.
[3] Code § 19.2-294.1 reads as follows:

Whenever any person is charged with a violation of § 18.2-266 or any similar ordinances of any county, city, or town and reckless driving growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge.