## CIRCUIT COURT OF KING GEORGE COUNTY

Commonwealth of Virginia

    v.

Havenner

April 24, 1991

By JUDGE JAMES W. HALEY, JR.

Relying upon *Grady v. Corbin*, 110 S. Ct. 2084 (1990), and its progeny, defendant has moved the court to dismiss an indictment for felonious hit and run (§ 46.2-894) on the ground that an already-concluded driving while intoxicated charge (§ 18.2-266) arose out of the "same conduct" and the present charge is accordingly barred by double jeopardy.

On October 26, 1990, a collision occurred in King George County between motor vehicles operated by Candy Shreze and the defendant. Ms. Shreze was injured, and defendant left the scene.

The accident was investigated by Trooper M. L. Bowman. Upon his sworn statements, a magistrate that day issued two warrants for defendant's arrest, one charging a violation of § 46.2-894 (hit and run - felony) and one charging a violation of § 18.2-266 (driving while intoxicated). Both were executed by Trooper Bowman's arrest of defendant at his home in Colonial Beach at 12:25 a.m. and 12:26 a.m. on October 27, 1990.

On January 2, 1991, after a trial on the merits, the General District Court of King George County found the defendant not guilty of the driving while intoxicated

charge.[1] The hit and run felony was certified to the grand jury.

At an *ore tenus* hearing on April 11, 1991, concerning the instant motion, Trooper Bowman answered affirmatively to counsel's question as to whether "Both warrants were related to the same set of facts?" Trooper Bowman further testified that both warrants were issued for "the same incident."

The question here raised requires a substantial review of relevant case law.

In *Low v. Commonwealth*, 11 Va. App. 48, 51, 396 S.E.2d 383, 385 (1990), the Court of Appeals stated:

> Recently in *Grady v. Corbin*, 110 S. Ct. 2084 (1990), the Supreme Court clarified the standard for determining whether successive prosecutions are barred by the double jeopardy clause of the fifth amendment. The traditional test is set forth in *Blockburger v. United States*, 284 U.S. 299 (1932):
>
> > "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."
>
> *Id.* at 304. The *Grady* Court stated that the *Blockburger* test, however, is not the exclusive means of vindicating double jeopardy protections. *Grady*, 110 S. Ct. at 2092. The Court adopted the reasoning of *Illinois v. Vitale*, 447 U.S. 410 (1980), that "even if two successive prosecutions were not barred by the *Blockburger* test, the second prosecution would be barred if the prosecution sought to establish an essen-

---

[1] A certified copy of the warrant of arrest and General District Court's decision was admitted herein as defendant's Exhibit A. Apparently, the charge was dismissed due to defendant's successful objection to the introduction of a breath alcohol analysis. See "Commonwealth's Response to Defendant's Motion to Quash" (p. 1). It is obviously conceded the defendant was in jeopardy.

tial element of the second crime by proving the conduct for which the defendant was convicted in the first prosecution." *Grady*, 110 S. Ct. at 2087.

Under the *Grady* standard, both tests may be required in order to make the appropriate analysis.

"To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, a court must first apply the traditional *Blockburger* test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred."

*Id.* at 2090. Where, however, the subsequent prosecution survives the *Blockburger* test, the critical inquiry becomes whether, in the subsequent prosecution, "the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted." *Id.* at 2093 (footnote omitted).

It is clear that the defendant in the instant case cannot rely upon *Blockburger* because driving while intoxicated and felonious hit and run require for conviction proof of multiple different facts and because neither is a lesser included offense of the other. Accordingly, defendant must rely upon *Grady*, that is, he must show that "the same conduct" constitutes an essential element of felonious hit and run and also constitutes an "offense," here driving while intoxicated, for which he has already been prosecuted.

Though technically not applicable because defendant was not convicted of driving while intoxicated (though obviously in jeopardy), the provisions of § 19.2-294 are

relevant, in that the statute prohibits multiple convictions for "the same act."[2]

In *Estes v. Commonwealth*, 212 Va. 23, 24-25, 181 S.E.2d 622, 623 (1971), defendant had been adjudicated an habitual offender in part based upon his convictions for driving while intoxicated and driving while suspended, both arising from the same conduct of driving at the same time and on the same day. The Supreme Court stated:

> The defendant contends that his two 1968 convictions arose out of but one act of driving and did not, therefore, result from "separate acts" as contemplated by Code § 46.1-387.2. Thus, he says, the two 1968 convictions should count as only one in determining whether he is an habitual offender. We do not agree.
>
> We think the question before us is resolved by the interpretation we have given to a similar provision in a related statute, Code § 19.1-259 (formerly Code § 19-232).[3] That provision is as follows:
>
> ". . . If the same act be a violation of two or more statutes . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others . . ."
>
> We have held that under this provision one occasion of driving an automobile may give rise to several acts and offenses and that the test of whether there are separate acts sustaining several offenses "is whether the same evidence is required to sustain them." *Hundley v. Commonwealth*, 193 Va. 449, 451, 69 S.E.2d 336, 337 (1952).

---

[2] Code Section 19.2-294 reads in pertinent part as follows: If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.

[3] Now Section 19.2-294.

Relating this test to the present case, it is clear that the defendant's 1968 conviction of driving under the influence was not barred, under Code § 19.1-259, by his contemporaneous conviction of driving on a suspended license, or vice versa. This is so because the defendant could have been convicted of driving under the influence without evidence of the suspension of his driver's license, and he could have been convicted of driving on a suspended license without evidence of his intoxication.

The force of our interpretation of Code Section 19.1-259 carries over and controls the application of the Act to the defendant's situation. Since it was not the "same act" that gave rise to violation of the two statutes under which the defendant was convicted in 1968, it follows that the two convictions arose "out of separate acts" -- one out of the act of driving under the influence and the other out of the act of driving on a suspended license. Therefore, the convictions must be counted individually as second and third convictions, thereby constituting the defendant an habitual offender.

Also relevant to the present inquiry is the Supreme Court's analysis of § 19.2-294.1,[4] as set forth in *Padgett v. Commonwealth*, 220 Va. 758, 760-761, 263 S.E.2d 388, 389 (1980).

[T]he bar of Code § 19.2-294.1 encompasses offenses which, although separate and distinct, grow out of "the same act or acts." Thus, the real question in the case is the meaning of

---

[4] Section 19.2-294.1 states: "Dismissal of one of dual charges for driving while intoxicated and reckless driving upon conviction of other charge. -- Whenever any person is charged with a violation of Section 18.2-266 or any similar ordinances of any county, city, or town and reckless driving growing out of the same act or acts and is convicted of one of these charges, the court shall dismiss the remaining charge."

a penal nature and is remedial in character, it must be construed strictly against the Commonwealth and favorable to the accused. So construing it, we do not believe that the difference in venue involved in this case alters the singular nature of the act or acts out of which the charges against the defendant arose. We interpret the language, "the same act or acts" to mean "the same act or acts" of driving and to contemplate a continuous, uninterrupted course of operation of a motor vehicle.

In *Taylor v. Commonwealth*, 11 Va. App. 649, 400 S.E.2d 794 (1991), the court held that trespass was not a lesser included offense in statutory burglary, and consequently, defendant was not entitled to a jury instruction permitting conviction of the former. At Footnote 3, however, the court noted:

> The determination of what constitutes a necessarily included lesser offense is distinguishable from the related problems of what offenses constitute the "same offense" for double jeopardy purposes. Even if an offense is not a necessarily included lesser offense, a successive prosecution for the offense may still be barred by double jeopardy. An offense may not be a "necessarily included lesser offense" for jury instruction purposes, yet constitute the "same offense" for double jeopardy purposes, depending on the nature of the government's proof. See *Grady v. Corbin*, 110 S. Ct. 2084 (1990).

In *Wade v. Commonwealth*, 9 Va. App. 359, 365, 388 S.E.2d 277, 280 (1990), the defendant had been convicted of obstruction of justice in General District Court and of attempted capital murder in Circuit Court, both based upon what the Court of Appeals determined was the same act -- firing a single shot at a police officer. The Commonwealth had admitted, in Answer to a Bill of Particulars, that "the 'same act' was the 'cause and nature' of both offenses . . ." In dismissing the felony, the court further noted that: "Code § 19.2-294 speaks to 'acts' of the

accused, not elements of the offense." 9 Va. App. at 364, 388 S.E.2d at 280.

In *Fitzgerald v. Commonwealth*, 11 Va. App. 625, 627, 401 S.E.2d 208, 209 (1991), the court again set forth its views of the principle enunciated in *Grady v. Corbin*:

> The prohibition against double jeopardy contained in the United States Constitution protects against multiple punishments for the same offense. *Blythe v. Commonwealth*, 222 Va. 722, 725, 284 S.E.2d 796, 797 (1981). It also protects against a second prosecution for the same offense after acquittal or after conviction, *id*. In that context, offenses will be deemed the "same" offense when, in a subsequent prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted. *Grady v. Corbin*, 110 S. Ct. 2084, 2093 (1990).

In *United States v. Clark*, 928 F.2d 639 (4th Cir. 1991), the defendant had been convicted of possession with intent to distribute heroin and possession with intent to distribute cocaine. Two years later, he was convicted on a later indictment of conspiring with others to distribute cocaine and heroin and conspiring with others to possess cocaine and heroin for the purpose of distributing the same. The government conceded that:

> [Defendant's] possession of drugs at the airport, the same conduct for which he had been convicted earlier, was alleged an overt act number 18 in the conspiracy indictment, and evidence about the airport incident was introduced at trial. 928 F.2d at 640.

The Court formulated and answered a *Grady* challenge to the second conviction:

> The question, then, is whether *Grady* prohibits a successive prosecution when evidence of previously prosecuted conduct merely tends to prove an essential element of the second charge, or

whether *Grady* prohibits a successive prosecution only when the evidence of previously prosecuted conduct proves the "entirety" of an essential element . . . .

On this issue, we agree with Judge Newman's analysis in his concurring opinion in *United States v. Calderone*, 917 F.2d 717 (2d Cir. 1990): "I think we are obliged to apply *Grady* in a way that gives the 'element' component significance. That means barring the second prosecution only when the conduct previously prosecuted is to be used to 'establish' the element of the second crime, which I think must mean 'constitute the entirety of' the element. If *Grady* is read more broadly, that is, if the second prosecution is barred whenever the previously prosecuted conduct is to be used only *as evidence of* an element of the second offense, then we would almost be applying a 'same evidence' test. Instead, I think it more likely that the Supreme Court expected *Grady* to apply only when the conduct prosecuted at the first trial is or may constitute the entirety of an element of the offense at the second trial." 917 F.2d at 724 (emphasis in the original) . . . .

We hold, therefore, that evidence of Clark's airport possession of cocaine and heroin did not "establish an essential element" of the Sect. 846 conspiracy charge. 928 F.2d at 642.

This court accepts the reasoning set forth in *United States v. Clark*, that is, *Grady* only applies when the *conduct prosecuted* at the first trial constitutes the *entirety of an element* of the offense at the second trial.

The defendant in this case was not prosecuted for "driving" in General District Court. He was prosecuted for "driving while intoxicated." The only element common

to the crimes of felonious hit and run and driving while intoxicated is driving.[5]

Finally, in *Grady v. Corbin*, Justice Brennan noted:

> The presentation of specific evidence in one trial does not forever prevent the government from introducing that same evidence in a subsequent proceeding . . . .
>
> This holding would not bar a subsequent prosecution on the homicide and assault charges . . . if . . . the state would not rely on proving the conduct for which Corbin had already been convicted . . . [drunk driving] (*i.e.* if the state relied solely on Corbin's driving too fast in heavy rain to establish recklessness or negligence).

Accordingly, the Motion to Quash the indictment for felonious hit and run is denied.

---

[5] This court believes that the discussion in Padgett v. Commonwealth, supra, dealing with the "continuous uninterrupted course of operation of a motor vehicle" is limited to those cases involving the specific two charges with which Section 19.2-294.1 deals, that is, reckless driving and driving while intoxicated.