COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Duff
Argued at Alexandria, Virginia


ANTHONY DAVON SLADE

MEMORANDUM OPINION[*] BY
v.    Record No. 2664-98-3        JUDGE CHARLES H. DUFF
                                      JULY 18, 2000
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                  James F. Ingram, Judge

        S. Jane Chittom, Appellate Counsel (Elwood
        Earl Sanders, Jr.; Public Defender
        Commission, on briefs), for appellant.

        Linwood T. Wells, Jr., Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


     Anthony Davon Slade appeals his conviction for violating Code

§ 3.1-796.122(A)(i)[1], cruelty to an animal.  On appeal, he

contends that, in accordance with Code § 19.2-294, this conviction

was barred by his earlier conviction for discharging a firearm

within the corporate limits of the City of Danville.  We agree,

reverse the conviction for cruelty to an animal, and dismiss the

indictment.

-----

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

        [1] The indictment incorrectly references subpart (A)(ii) of
the statute.  That error has no bearing on this appeal.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'"  Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

So viewed, the evidence proved that on March 13, 1998 in the City of Danville, Slade fired several gunshots at a dog.  The dog sustained several wounds.

Slade was charged with violating Danville City Ordinance § 40-3.  That ordinance makes it unlawful to discharge a firearm within the corporate limits of the city.  He was convicted of this offense in general district court on April 10, 1998.

On April 15, 1998, the grand jury returned an indictment against Slade.  The indictment charged that Slade "did unlawfully and cruelly ill-treat, maim, mutilate, or torture a dog belonging to Isaac Davis, 845 Colquohoun Street, by shooting said dog, in violation of Section 3.1-796.122(A)(ii), Code of Virginia, as amended . . . ."  At trial on September 24, 1998, Slade moved to dismiss the indictment, arguing that it violated Code § 19.2-294 because the indictment involved the same act and set of facts that had been the basis of the discharging a firearm conviction.  The circuit court denied the motion and convicted Slade of the cruelty to an animal charge.

ANALYSIS

Slade contends that his conviction for violating the cruelty to an animal statute is barred by Code § 19.2-294.  He does not argue that the cruelty to an animal conviction violates the federal constitutional guarantee against double jeopardy.  See Blockburger v. United States, 284 U.S. 299, 304 (1932).[2]  A determination whether a conviction violates Code § 19.2-294 does not depend on an abstract viewing of the elements of the offenses involved.  The statute reads:

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances

---

[2] The constitutional guarantee insures that an accused is not "subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  Among other things, that guarantee protects an accused against multiple punishments for the same offense.  See North Carolina v. Pearce, 395 U.S. 711, 717 (1969).

The United States Supreme Court, in Blockburger, 284 U.S. at 304, held that the "test to be applied to determine whether there are two offenses or only one is whether each [statutory] provision requires proof of an additional fact which the other does not." In making this determination, "[t]he elements of each offense must be examined in the abstract, not with regard to the particular facts involved in [the] case [before the court]."  Fitzgerald v. Commonwealth, 11 Va. App. 625, 627, 401 S.E.2d 208, 210, aff'd on reh'g en banc, 13 Va. App. 281, 411 S.E.2d 228 (1991).  In a Blockburger analysis, "[i]t is the identity of the offense, and not the act, which is referred to in the constitutional guaranty against double jeopardy."  Epps v. Commonwealth, 216 Va. 150, 153-54, 216 S.E.2d 64, 67 (1975).

In this case, there is no constitutional double jeopardy violation.  Viewed in the abstract, a conviction for violating the discharging a firearm ordinance does not require proof that the discharge resulted in harm to an animal.  Conversely, viewed in the abstract, a conviction for violating the cruelty to an animal statute does not require proof that a firearm was discharged.

> shall be a bar to a prosecution or
> proceeding under the other or others.
> Furthermore, if the same act be a violation
> of both a state and a federal statute a
> prosecution under the federal statute shall
> be a bar to a prosecution under the state
> statute.
>
> For purposes of this section, a
> prosecution under a federal statute shall be
> deemed to be commenced with the return of an
> indictment by a grand jury or the filing of
> an information by a United States attorney.

Code § 19.2-294.

"Code § 19.2-294 speaks to 'acts' of the accused, not elements of the offense." Wade v. Commonwealth, 9 Va. App. 359, 365, 388 S.E.2d 277, 280 (1990); see also Jones v. Commonwealth, 218 Va. 757, 760, 240 S.E.2d 658, 661 (1978). "[T]he test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them.'" Estes v. Commonwealth, 212 Va. 23, 24, 181 S.E.2d 622, 624 (1971) (quoting Hundley v. Commonwealth, 193 Va. 449, 451, 69 S.E.2d 336, 337 (1952)); see also Treu v. Commonwealth, 12 Va. App. 996, 997, 406 S.E.2d 676, 677 (1991).

"In determining whether the conduct underlying the convictions is based upon the 'same act,' the particular criminal transaction must be examined to determine whether the acts are the same in terms of time, situs, victim, and the nature of the act itself." Hall v. Commonwealth, 14 Va. App. 892, 898, 421 S.E.2d 455, 459 (1992) (en banc). "The defendant is required to do no more than to show that the 'act' which

served as the basis for the [one] conviction was 'the same act' which was used to convict her of [the other charge]." Wade, 9 Va. App. at 363, 388 S.E.2d at 279.

Here, the Commonwealth argues that it "was required to prove the specific act of discharging a firearm in order to sustain its first conviction against Slade, but it was not required to prove the specific act of discharging a weapon in order to sustain the second conviction."

We disagree. We would accept the Commonwealth's argument were we addressing a constitutional double jeopardy claim. Cf. Padgett v. Commonwealth, 220 Va. 758, 760, 263 S.E.2d 388, 389 (1980). However, in addressing a Code § 19.2-294 claim, we do not view the offenses in the abstract. Instead, we look to the specific act or acts undertaken by this defendant in this case.

So viewed, the Commonwealth could successfully prosecute Slade for cruelty to an animal only by proving, as charged in the indictment, that Slade shot the animal. This same act of shooting was the basis for the earlier discharging a firearm conviction. Accordingly, the conviction for cruelty to an animal violates Code § 19.2-294 and cannot stand. We reverse that conviction and dismiss the indictment.

Reversed and dismissed.