COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Humphreys and Senior Judge Clements
Argued at Richmond, Virginia


RODNEY LEE RODIS

                                                          MEMORANDUM OPINION[*] BY
v.        Record No. 0162-09-2                    JUDGE JEAN HARRISON CLEMENTS
                                                                MAY 11, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

        John R. Maus for appellant.

        Eugene Murphy, Senior Assistant Attorney General (Kenneth T.
        Cuccinelli, II, Attorney General, on brief), for appellee.


        Rodney Lee Rodis was convicted of ten counts of embezzlement in violation of Code

§ 18.2-111.  Prior to the state prosecution on these charges, Rodis entered guilty pleas to federal

charges of mail fraud and money laundering.  On appeal, he contends the state prosecutions were

barred under Code § 19.2-294 because the same acts constituted the bases for both prosecutions.

We disagree and affirm the judgment of the trial court and Rodis' convictions.

        As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of

this appeal.

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Rodis was a Roman Catholic priest who served as pastor of two parishes in Louisa County from 1993 until 2006. In September 2002, Rodis began soliciting funds for various church purposes, which he converted to his own use.

Rodis was indicted in federal court in August 2007 on eight counts of mail fraud, two counts of wire fraud, and three counts of money laundering. Pursuant to a plea agreement, Rodis pled guilty to one count of mail fraud and one count of money laundering, by order dated October 26, 2007.

In May 2008, Rodis was indicted in circuit court on thirteen counts of embezzlement. Three counts were *nolle prosequied* before trial, and appellant was convicted of ten counts of embezzlement.

Rodis contends his embezzlement convictions were barred by Code § 19.2-294 because the bases for the successive prosecutions were the same acts upon which his federal convictions had been based. He concludes, therefore, that the trial court erred in denying his pretrial plea in bar moving the trial court to dismiss the indictments against him. We disagree.

ANAYLSIS

Code § 19.2-294 provides in pertinent part:

> If the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others. Furthermore, if the same act be a violation of both a state and a federal statute, a prosecution under the federal statute shall be a bar to a prosecution under the state statute.

The record reveals appellant was prosecuted under the federal statutes prior to the beginning of the state prosecution.

> [U]nlike the Fifth Amendment prohibition against double jeopardy, which is dependent on "the identity of the offense, and not the act," Epps [v. Commonwealth], 216 Va. [150], 153-54, 216 S.E.2d [64,] 68 [(1975)], the prohibition of Code § 19.2-294 "is dependent upon 'the identity of the act,'" rather than the identity of the offense, Lash v. County of Henrico, 14 Va. App. 926, 930, 421 S.E.2d 851, 853 (1992) (en banc) (quoting Jones v. Commonwealth, 218 Va. 757, 760, 240 S.E.2d 658, 661 (1978)). In other words, Code § 19.2-294 "speaks to 'acts' of the accused, not elements of the offense." Wade v. Commonwealth, 9 Va. App. 359, 365, 388 S.E.2d 277, 280 (1990).

Londono v. Commonwealth, 40 Va. App. 377, 393, 579 S.E.2d 641, 648-49 (2003).

"[A] conviction of one statutory offense does not bar conviction under another statutory offense if each offense could have been proved without the necessity of proving the other." Fitzgerald v. Commonwealth, 11 Va. App. 625, 628, 401 S.E.2d 208, 210, aff'd on reh'g en banc, 13 Va. App. 281, 411 S.E.2d 228 (1991). "The test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them.'" Treu v. Commonwealth, 12 Va. App. 996, 997, 406 S.E.2d 676, 677 (1991) (quoting Estes v. Commonwealth, 212 Va. 23, 24, 181 S.E.2d 622, 624 (1971)). "In applying the same evidence test, 'the particular criminal transaction must be examined to determine whether the acts are the same in terms of time, situs, victim, and the nature of the act itself.'" Johnson v. Commonwealth, 38 Va. App. 137, 146, 562 S.E.2d 341, 345 (2002) (quoting Hall v. Commonwealth, 14 Va. App. 892, 898, 421 S.E.2d 455, 459 (1992) (en banc)).

To convict Rodis of "[m]ail fraud under 18 U.S.C. § 1341," the government had to prove "(1) the existence of a scheme to defraud and (2) the use of the mails . . . in furtherance of the scheme." United States v. Curry, 461 F.3d 452, 457 (4th Cir. 2006).

To convict Rodis of money laundering, the federal government needed to prove that (1) he conducted or attempted to conduct a financial transaction; (2) the transaction involved the

- 3 -

proceeds of a specified illegal activity; (3) he knew at the time of the transaction that the property involved proceeds of an unlawful activity; and (4) he intended to conceal the nature or source of the funds. See 18 U.S.C. § 1956(a)(2)(B)(i).

"To establish the crime of embezzlement under Code § 18.2-111, the Commonwealth must prove that the accused wrongfully appropriated to his or her own use or benefit, with the intent to deprive the owner thereof, the property entrusted or delivered to the accused." Zoretic v. Commonwealth, 13 Va. App. 241, 243, 409 S.E.2d 832, 833-34 (1991).

The statement of facts stipulating the facts in the federal prosecution indicates Rodis opened an unauthorized bank account in September 1995, maintained sole control of a post office box beginning in 1998, and during the period from September 2002 through August 2006, he engaged in a scheme to defraud his parishioners by soliciting funds and depositing those funds in the account he maintained. Rodis also admitted diverting the funds to his personal use by wiring them to a personal bank account out of state.

In the state prosecution, Rodis was convicted for ten counts of embezzlement covering ten different times periods. The earliest period began April 1, 2003 and the latest ended January 31, 2006.

Rodis pled guilty to two charges in federal court. Under Code § 19.2-294, "a prosecution under a federal statute shall be deemed to be commenced once jeopardy has attached." In Virginia, "[w]here there is no trial at all, but rather a plea of guilty, as in the case at bar, jeopardy attaches when the court accepts the defendant's plea." Peterson v. Commonwealth, 5 Va. App. 389, 395, 363 S.E.2d 440, 444 (1987). Consequently, the only charges for which jeopardy attached in the federal proceedings are the two charges to which Rodis pled guilty.

The first charge, count one of the federal indictment, alleged that on March 4, 2005, Rodis engaged in mail fraud. The indictment on this count lists a single check. The second

charge, count eleven of the federal indictment, alleged that on November 29, 2004, Rodis engaged in laundering money in the amount of $9,000. Of the ten state counts of embezzlement, only counts four and seven covered time periods which included the two dates covered by the federal charges to which Rodis pled guilty. Necessarily, the acts supporting the remaining state charges are distinct from the acts supporting Rodis' two federal convictions.

State count four alleged Rodis embezzled funds between June 1, 2004 and November 30, 2004, thus including the date cited in the federal money laundering charge. State count seven charged Rodis with embezzling funds between March 1, 2005 and March 24, 2005 and included the date of the single federal mail fraud conviction.

Rodis asserts that the various crimes were "all part of that course of conduct from August 2002 until 2006." Although Rodis did engage in the illegal conduct for several years, the acts involved in the on-going scheme were distinct and separate. Even for the two time periods which overlap among the various charges, the embezzlement of the various funds was a different act than the acts of laundering the money and sending the funds through the mail.

In Jefferson v. Commonwealth, 43 Va. App. 361, 369, 597 S.E.2d 290, 294 (2004), this Court concluded that while Jefferson's possession of a single handgun "was conduct common to the prosecution of both [carrying a concealed weapon and possession of a firearm by a convicted felon], the attendant acts and legal disabilities necessary to sustain the two prosecutions were decidedly different." Similarly, in Johnson, 38 Va. App. at 147, 562 S.E.2d at 346, this Court found that Johnson's single act of operating a vehicle supported his separate convictions for driving after having been declared an habitual offender and driving with a suspended license because "the legal disability upon defendant that attended and was integral to the respective acts was significantly different." In both cases this Court held that because the same evidence would not produce a conviction for both offenses, Code § 19.2-294 did not bar the separate

prosecutions. The same reasoning applies in this case. Although the federal charges required a showing that Rodis illegally obtained the money, the evidence necessary to prove the federal offenses was different from that required to prove the state offenses. Therefore, the acts involved in embezzling the funds were not the same as the acts of laundering the money and engaging in mail fraud.

Thus, the trial court did not err in denying the plea in bar. Accordingly, we affirm the judgment of the trial court and Rodis' convictions.

<u>Affirmed.</u>