COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Agee
Argued at Chesapeake, Virginia


SIDNEY KAVINCHI JOHNSON
                                         OPINION BY
v.    Record No. 0257-01-1          JUDGE RICHARD S. BRAY
                                        APRIL 16, 2002
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                Everett A. Martin, Jr., Judge

        Christian L. Connell for appellant.

        H. Elizabeth Shaffer, Assistant Attorney
        General (Randolph A. Beales, Attorney
        General, on brief), for appellee.


     Upon a plea of guilty, Sidney Kavinchi Johnson (defendant) was convicted for operating a motor vehicle after having been adjudicated an habitual offender, a second or subsequent offense, in violation of Code § 46.2-357. On appeal, he contends the conviction followed an earlier conviction for driving on a suspended license arising from the "same act" and, therefore, was barred by Code § 19.2-294. We disagree and affirm the trial court.

                              I.

     The pertinent facts are uncontroverted. On March 5, 2000, Norfolk Police Officer R.N. Johnson observed a vehicle being operated in the city without a valid state inspection decal. Stopped by Johnson, the driver, defendant, produced an "ID card"

and "stated his license was suspended." Because police computers "were down at the time," Johnson issued defendant a summons for "driving on a suspended license," "based on [his] statement." On May 1, 2000, defendant appeared before the Norfolk General District Court (district court), entered a plea of guilty to the offense, a misdemeanor, and was sentenced to a 90-day suspended jail sentence, together with a fine and further suspension of his operator's license.

Following trial and conviction in the district court, Johnson learned defendant was adjudicated an habitual offender prior to the traffic stop and, moreover, had been previously convicted of operating a vehicle in violation of such order. Accordingly, Johnson immediately secured a warrant charging defendant with the instant offense, a felony, and defendant was subsequently indicted in the trial court.

On July 25, 2000, defendant appeared for trial on the indictment and entered a plea of guilty upon arraignment. During the attendant colloquy, the court inquired of defendant if he and his counsel had "talked about this charge and what the Commonwealth must prove before [he] could be found guilty?" Defendant responded, "Yes, we have," adding that "one thing . . . caused a problem" for him. Asked by the court, "What's that?," defendant disclosed the earlier prosecution and conviction in the district court for driving on a suspended license and explained he "thought the case was done with" until

-

a "few days later the police officer come [sic] to [his] house with another warrant for the . . . same arrest date with a greater charge," a procedure defendant "thought . . . to be unfair."

Defendant's comments prompted further inquiry by the court and the following exchange among defendant, his counsel, the Commonwealth, and the court:

> [DEFENSE ATTORNEY]:  . . .  He essentially has a double jeopardy problem that I thought had been ironed out.  I told him that if he has a problem like that about a legal technical point that maybe what he should do is plead not guilty and then we could address the Court on that because he says that he's guilty of the driving and that he wants to take responsibility for that.

> [THE PROSECUTOR]:  . . .  [Defendant] is confused. . . . [H]e was never tried for this offense, your Honor.

>       *     *     *     *     *     *     *

> THE DEFENDANT:  I don't feel confused at all, sir.

>       *     *     *     *     *     *     *

> THE COURT:  . . .  [I]f there's any question about it, I take it a presentence report is going to be requested here? . . .  Any question you can get a copy of the misdemeanor summons.  If it turns out he was in fact tried on it, then that's the end of it.

> [THE PROSECUTOR]:  I'll stipulate on the record if that's the case, the Commonwealth will be joining in [a] defense motion as we're not going to try somebody twice.

-

Upon additional questioning of defendant, the court accepted his guilty plea, finding the "plea . . . has been made freely, intelligently with an understanding of the charge and consequences . . . ."  Without objection, the Commonwealth then summarized the evidence, the court found defendant guilty of the offense and ordered a pre-sentence report, scheduling sentencing for September 19, 2000.  Before concluding the proceedings, however, the court admonished defense counsel:

> I suppose a motion for double jeopardy is a
> defense motion, not a prosecution motion, so
> I will leave it up to you to try to
> determine whether he was tried on the
> misdemeanor on this very offense and was
> convicted of it. . . .  You will have to
> take the initiative on that one.

Accordingly, on August 30, 2000, defendant's counsel filed a motion to dismiss the indictment, alleging "defendant was found guilty in the [district court] of driving on a suspended driver's license for the same factual circumstances and events for which he is charged with driving as a[n] habitual offender" in the instant prosecution.  At a subsequent hearing on the motion, the Commonwealth acknowledged that the previous misdemeanor conviction and the subject prosecution arose from defendant's operation of the vehicle on the same occasion.  However, because each offense required proof of "separate elements," the Commonwealth maintained each was amenable to prosecution and conviction without offending principles of double jeopardy.  Defendant disagreed,

-

characterizing the prosecutions as "double jeopardy, two convictions for the same thing."

Withholding a ruling on defendant's motion, the court requested counsel to "brief" the double jeopardy issue and, also, to "[l]ook at Code § 19.2-294," and continued both the hearing on defendant's motion and the pending sentencing to November 21, 2000. Briefs were submitted, and defendant argued at the subsequent hearing that the felony prosecution constituted a successive prosecution for the "same act," in violation of Code § 19.2-294. The court, however, overruled defendant's motion and imposed a sentence of twelve months in jail, resulting in the instant appeal, which is limited to the implications of Code § 19.2-294.

II.

As a threshold issue, the Commonwealth contends defendant waived error in the trial court by pleading guilty.

"When an accused enters a voluntary and intelligent plea of guilty to an offense, he waives all defenses except those jurisdictional." Savino v. Commonwealth, 239 Va. 534, 538, 391 S.E.2d 276, 278 (1990). "'[N]othing is left [to be determined] but the imposition of the prescribed punishment.'" Dowell v. Commonwealth, 12 Va. App. 1145, 1148, 408 S.E.2d 263, 265 (1991) (quoting Miracle v. Peyton, 211 Va. 123, 126, 176 S.E.2d 339, 340 (1970)). However, Code § 19.2-254 provides that an accused may,

-

> [w]ith the approval of the court and the
> consent of the Commonwealth, . . . enter a
> conditional plea of guilty in a felony case,
> reserving the right, on appeal from the
> judgment, to a review of the adverse
> determination of any specified pretrial
> motion.  If the defendant prevails on
> appeal, he shall be allowed to withdraw his
> plea.

Relying upon the protection afforded by Code § 19.2-254, defendant contends "the trial record manifestly establishes that the sole promise upon which [the] guilty plea was conditioned was his ability to contest the issue of successive prosecutions."  We agree.

Defendant himself first objected to the prosecution in response to inquiries of the court during the guilty plea colloquy.  Following the attendant exchange among the court and counsel, the court, anticipating subsequent production of the prior "misdemeanor summons" by the Commonwealth, assured defendant and his counsel, "[i]f it turns out [defendant] was in fact tried on it [in the general district court], then that's the end of it."  In response, the prosecutor "stipulate[d] on the record if that's the case, the Commonwealth will be joining in [a] defense motion as we're not going to try somebody twice."  Of significance, at the conclusion of the proceedings, the court instructed defense counsel to "take the initiative" and pursue the issue, thereafter conducting two related hearings on defendant's related motion to dismiss, all with the concurrence and participation of the Commonwealth.

-

Thus, the record clearly reflects defendant elected to assert the bar of Code § 19.2-294 to preserve a challenge to the prosecution, notwithstanding the guilty plea.  The requisite consent of both the court and Commonwealth is manifest in related assurances to defendant and subsequent hearings and rulings.

III.

On appeal, defendant does not rely upon constitutional principles of double jeopardy to bar the instant prosecution but, instead, upon the preclusion of Code § 19.2-294.  See Blockburger v. United States, 284 U.S. 299, 304 (1932).[1]  Code § 19.2-294 provides:

---

[1] The Constitution assures that an accused is not "subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  Among the attendant guarantees, an accused may not be subjected to "'a second prosecution for the same offense after conviction'" or suffer "'multiple punishments for the same offense.'"  Payne v. Commonwealth, 257 Va. 216, 227, 509 S.E.2d 293, 300 (1999) (citations omitted).
    In resolving a defense of constitutional double jeopardy, the "test to be applied to determine whether there are two offenses or only one is whether each [statutory] provision requires proof of an additional fact which the other does not."  Blockburger, 284 U.S. at 304.  In undertaking a Blockburger analysis, "the two offenses are to be examined in the abstract, rather than with reference to the facts of the particular case under review."  Blythe v. Commonwealth, 222 Va. 722, 726, 284 S.E.2d 796, 798 (1981).  Thus, "[i]t is the identity of the offense, and not the act, which is referred to in the constitutional guaranty against double jeopardy."  Epps v. Commonwealth, 216 Va. 150, 153-54, 216 S.E.2d 64, 67 (1975).
    "Code § 19.2-294, while not precisely a defense of former jeopardy, 'amounts to such a defense in purpose and desired effect.'  Consequently, even though the statutory bar differs in some respects . . . it was intended to address similar and related problems."  Hall v. Commonwealth, 14 Va. App. 892, 899, 421 S.E.2d 455, 460 (1992) (en banc) (citations omitted).

-

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.[2]

The statute "speaks to 'acts' of the accused, not elements of the offense." Wade v. Commonwealth, 9 Va. App. 359, 365, 388 S.E.2d 277, 280 (1990); see also Jones v. Commonwealth, 218 Va. 757, 760, 240 S.E.2d 658, 661 (1978) (stating Code § 19.2-294 focuses on "the identity of the act"). "If the 'same act' is a violation of two or more statutes, conviction under one . . . is 'a bar to a prosecution or proceeding under the other.'" Lash v. County of Henrico, 14 Va. App. 926, 930, 421 S.E.2d 851, 853 (1992) (en banc) (quoting Code § 19.2-294). Stated differently, "if two offenses involve 'two separate and distinct acts,' conviction of one does not bar a prosecution for the other." Id. Thus, "a conviction of one statutory offense does not bar conviction under another statutory offense if each offense could have been proved without the necessity of proving the other." Fitzgerald v. Commonwealth, 11 Va. App. 625, 628, 401 S.E.2d 208,

---

[2] Code § 19.2-294 is inapplicable to simultaneous prosecutions, and the Commonwealth concedes the conviction and prosecution before the court were not "joined in a single evidentiary hearing in the general district court," and, therefore, "successive." See Phillips v. Commonwealth, 257 Va. 548, 553, 514 S.E.2d 340, 343 (1999); Hall, 14 Va. App. at 900, 421 S.E.2d at 461.

-

210, aff'd on reh'g en banc, 13 Va. App. 281, 411 S.E.2d 228 (1991).

"The test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them.'" Treu v. Commonwealth, 12 Va. App. 996, 997, 406 S.E.2d 676, 677 (1991) (quoting Estes v. Commonwealth, 212 Va. 23, 24, 181 S.E.2d 622, 623-24 (1971)).[3]  In applying the "same evidence" test, "the particular criminal transaction must be examined to determine whether the acts are the same in terms of time, situs, victim, and the nature of the act itself." Hall v. Commonwealth, 14 Va. App. 892, 898, 421 S.E.2d 455, 459 (1992) (en banc).  "The defendant is required to do no more than to show that the 'act' which served as the basis for the [one] conviction was 'the same act' which was used to convict [him] of [the other charge]." Wade, 9 Va. App. at 363, 388 S.E.2d at 279.

Here, defendant implicitly acknowledges that driving on a suspended license and driving after being adjudicated an habitual offender constitute dissimilar offenses.  However, he maintains that because each violation arose from "only one act of driving[,] . . . incapable of being broken into smaller parts," "the exact same evidence supported both charges," thereby implicating the

---

[3]  In Estes, the Court expressly recognized that "one occasion of driving an automobile may give rise to several acts and offenses."  Id. at 24, 181 S.E.2d at 624.

-

statutory bar.  Defendant's argument, however, is belied by the record and contrary to well established jurisprudence.

In Hall, we instructed that determination of an "act" in the context of Code § 19.2-294 required consideration of the "time, situs, victim and the nature of the act."  Hall, 14 Va. App. at 898, 421 S.E.2d at 459.  Here, assuming time, situs and victim coincided, the nature of the specific act peculiar to each prosecution is distinct.  In the first instance, defendant admittedly was unlawfully operating a vehicle while his privileges were in suspension.  In contrast, the subject prosecution resulted from such operation after he had been adjudicated an habitual offender.  While driving was conduct common and necessary to each offense, the legal disability upon defendant that attended and was integral to the respective acts was significantly different.  Thus, the "same evidence" would not produce a conviction for both offenses.  Accordingly, the disparate "nature" of the acts saves the instant prosecution from the reach of Code § 19.2-294.

We, therefore, affirm the conviction.

Affirmed.

-