COURT OF APPEALS OF VIRGINIA


Present:    Judges Annunziata, Clements and McClanahan
Argued by teleconference


JEBRAIL JEFFERSON, S/K/A
 JIBRIAL LAMONT JEFFERSON
                                                                OPINION BY
v.        Record No. 1367-03-2                     JUDGE JEAN HARRISON CLEMENTS
                                                                 JUNE 15, 2004
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Walter W. Stout, III, Judge

             Todd B. Stone (Stacey T. Davenport; Law Office of Todd B. Stone,
             PLC, on briefs), for appellant.

             Paul C. Galanides, Assistant Attorney General (Jerry W. Kilgore,
             Attorney General, on brief), for appellee.


        Jebrail Jefferson was indicted and subsequently convicted in a bench trial of possession

of a firearm after having been convicted of a felony, in violation of Code § 18.2-308.2.  On

appeal, Jefferson contends the Circuit Court of the City of Richmond (trial court) erred in ruling

that his indictment and conviction were not barred by Code § 19.2-294 even though he had

previously been convicted, based upon the same underlying incident, of carrying a concealed

weapon, in violation of Code § 18.2-308.  Finding no error, we affirm Jefferson's conviction.

                                    I.  BACKGROUND

        The relevant facts in this appeal are not in dispute.  On November 3, 2002, Richmond

City Police Officer Hawkins Kuper observed Jefferson driving a car with a large hole in the

windshield.  Kuper stopped Jefferson and asked him for his driver's license and registration.

Jefferson informed Kuper that his driver's license was suspended.  Kuper told Jefferson to step

out of the car.  After getting out of the car, Jefferson attempted to flee, but Kuper grabbed him

from behind. As Jefferson and Kuper struggled, a handgun fell out of Jefferson's waistband onto the street. After other officers assisted in placing Jefferson under arrest, Kuper retrieved the fully loaded handgun.

After his arrest, Jefferson told Officer Kuper that he had just been convicted of possession of heroin, a felony, but had not yet begun serving his sentence. That night, the police obtained warrants against Jefferson for several offenses. However, because Jefferson's criminal record at the time did not reflect his previous conviction of possession of heroin, the issuing magistrate denied the police's request to charge Jefferson with possession of a firearm after having been convicted of a felony. Instead, Jefferson was charged with carrying a concealed weapon.

On December 20, 2002, the general district court convicted Jefferson on the carrying a concealed weapon charge. Jefferson appealed that conviction to the trial court.

On February 3, 2003, Jefferson was indicted by the grand jury on the charge of possession of a firearm by a convicted felon, in violation of Code § 18.2-308.2. Like Jefferson's conviction in the general district court for carrying a concealed weapon, that charge was based on the November 3, 2002 incident.

On February 13, 2003, Jefferson withdrew his appeal to the trial court of his carrying a concealed weapon conviction. The trial court affirmed the general district court conviction.

Also on February 13, 2003, Jefferson filed a motion to quash his indictment for possession of a firearm as a convicted felon under Code § 18.2-308.2, arguing that the factual basis for the felony prosecution was the "same act" upon which his conviction in the general district court of carrying a concealed weapon, in violation of Code § 18.2-308, had been based. Thus, Jefferson contended the felony prosecution was barred by Code § 19.2-294 because he was

charged in a successive prosecution with committing an act for which he had already been prosecuted and convicted.

On March 10, 2003, the trial court conducted a hearing on Jefferson's motion and ruled that Jefferson's indictment constituted a successive, rather than simultaneous, prosecution. The court concluded, however, that Jefferson was not being prosecuted for the "same act" and denied Jefferson's motion to quash.

Thereafter, Jefferson was tried and convicted of possession of a firearm after having been convicted of a felony, and this appeal followed.[1]

## II. ANALYSIS

Jefferson contends his indictment and conviction on the felony charge of possession of a firearm after having been convicted of a felony was barred by Code § 19.2-294 because the basis for that successive prosecution was the "same act" upon which his conviction in the general district court for carrying a concealed weapon had been based.[2] He claims the underlying act for both offenses was the same because the only act on his part that the Commonwealth had to prove to sustain each conviction was his possession of a concealed firearm. He concludes, therefore, that the trial court erred in denying his motion to quash his indictment for possession of a firearm as a convicted felon under Code § 18.2-308.2. We disagree.

Code § 19.2-294 provides, in pertinent part, that, "[i]f the same act be a violation of two or more statutes, . . . conviction under one of such statutes . . . shall be a bar to a prosecution or proceeding under the other or others." The statute "prohibits multiple convictions for separate offenses arising out of the same act" where the convictions are obtained in successive, rather

---

[1] Jefferson was also convicted in the same proceeding of felonious assault and battery on a police officer, but that matter is not before us on appeal.

[2] Jefferson relies exclusively upon the preclusion of Code § 19.2-294 to bar his present conviction. He presents no claim invoking the constitutional defense of double jeopardy.

than simultaneous, prosecutions.  Hall v. Commonwealth, 14 Va. App. 892, 900, 514 S.E.2d 455, 461 (1992) (en banc); Phillips v. Commonwealth, 257 Va. 548, 551-52, 514 S.E.2d 340, 342 (1999).

Here, the trial court determined that Jefferson's indictment for possession of a firearm by a convicted felon, following his conviction in the general district court of carrying a concealed weapon, was a successive prosecution.  On appeal, the Commonwealth does not challenge this ruling.  Therefore, we assume, without deciding, that, for purposes of this appeal, Jefferson's prosecution in the instant case constitutes a successive, rather than simultaneous, prosecution.  See Correll v. Commonwealth, 232 Va. 454, 460 n.1, 352 S.E.2d 352, 355 n.1 (1987) (holding that an unchallenged ruling becomes the law of the case by which we are bound).

The sole issue before us, then, is whether Jefferson's indictment and conviction for possession of a firearm by a felon arose from the "same act," within the meaning of Code § 19.2-294, as his earlier conviction of carrying a concealed weapon.  We conclude that it did not.

"Like the Fifth Amendment bar of former jeopardy, Code § 19.2-294 prevents the Commonwealth from 'subjecting an accused to the hazards of vexatious, multiple prosecutions.'"  Phillips, 257 Va. at 551-52, 514 S.E.2d at 342 (quoting Hall, 14 Va. App. at 899, 421 S.E.2d at 460).

> However, unlike the Fifth Amendment prohibition against double jeopardy, which is dependent on "the identity of the offense, and not the act," Epps [v. Commonwealth], 216 Va. [150,] 153-54, 216 S.E.2d [64,] 68 [(1975)], the prohibition of Code § 19.2-294 "is dependent upon 'the identity of the act,'" rather than the identity of the offense, Lash v. County of Henrico, 14 Va. App. 926, 930, 421 S.E.2d 851, 853 (1992) (en banc) (quoting Jones v. Commonwealth, 218 Va. 757, 760, 240 S.E.2d 658, 661 (1978)). In other words, Code § 19.2-294 "speaks to 'acts' of the accused,

- 4 -

not elements of the offense." Wade v. Commonwealth, 9 Va. App. 359, 365, 388 S.E.2d 277, 280 (1990).

Londono v. Commonwealth, 40 Va. App. 377, 393, 579 S.E.2d 641, 648-49 (2003).

Because the prohibition of Code § 19.2-294 "only 'forbids multiple prosecution of offenses springing from the *same* criminal act,'" if the "statutory violations involve different acts, the prohibition is not applicable." Lash, 14 Va. App. at 930, 421 S.E.2d at 853 (quoting Jones, 218 Va. at 761, 240 S.E.2d at 661). Thus, "a conviction of one statutory offense does not bar conviction under another statutory offense if each offense could have been proved without the necessity of proving the other." Fitzgerald v. Commonwealth, 11 Va. App. 625, 628, 401 S.E.2d 208, 210, aff'd on reh'g en banc, 13 Va. App. 281, 411 S.E.2d 228 (1991).

"The test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them.'" Treu v. Commonwealth, 12 Va. App. 996, 997, 406 S.E.2d 676, 677 (1991) (quoting Estes v. Commonwealth, 212 Va. 23, 24, 181 S.E.2d 622, 623-24 (1971)); see also Hundley v. Commonwealth, 193 Va. 449, 451, 69 S.E.2d 336, 337 (1952) (holding that a "test of the identity of acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single act or offense where two separate acts or offenses are defined by statute"). "In applying the 'same evidence' test, 'the particular criminal transaction must be examined to determine whether the acts are the same in terms of time, situs, victim, and the nature of the act itself.'" Johnson v. Commonwealth, 38 Va. App. 137, 146, 562 S.E.2d 341, 345 (2002) (quoting Hall, 14 Va. App. at 898, 421 S.E.2d at 459).

The resolution of this case is controlled by our decision in Johnson. In Johnson, the defendant was stopped by the police for having an invalid inspection decal. Id. at 140, 562 S.E.2d at 343. Based on the defendant's statement that his license was suspended, the police charged him with driving on a suspended license. Id. However, because the police computers

were inoperable at the time of the traffic stop, the police could not check the defendant's criminal record. Id. The defendant later pled guilty in general district court to the driving on a suspended license charge and was sentenced. Id. at 141, 562 S.E.2d at 343. Following that conviction, the police discovered the defendant had been "adjudicated an habitual offender before the traffic stop." Id. The defendant was then indicted for driving after having been adjudicated an habitual offender. Id. As in this case, the defendant sought dismissal of the indictment, arguing that Code § 19.2-294 barred his conviction because both prosecutions involved the "same act." Id. at 143, 562 S.E.2d at 344. The trial court denied the defendant's motion to dismiss the indictment. Id.

In affirming the trial court, we said:

> Here, assuming time, situs and victim coincided, the nature of the specific act peculiar to each prosecution is distinct. In the first instance defendant admittedly was unlawfully operating a vehicle while his privileges were in suspension. In contrast, the subject prosecution resulted from such operation after he had been adjudicated an habitual offender. While driving was conduct common and necessary to each offense, the legal disability upon defendant that attended and was integral to the respective acts was significantly different. Thus, the "same evidence" would not produce a conviction for both offenses. Accordingly, the disparate "nature" of the acts saves the instant prosecution from the reach of Code § 19.2-294.

Id. at 147, 562 S.E.2d at 346.

The same rationale applies here. To sustain Jefferson's earlier conviction of carrying a concealed handgun, in violation of Code § 18.2-308, the Commonwealth had to prove that Jefferson carried a handgun "about his person, hidden from common observation," without legal authorization to do so. Code § 18.2-308; see also Main v. Commonwealth, 20 Va. App. 370, 372, 457 S.E.2d 400, 401 (1995) (en banc). That conviction did not require proof that Jefferson was a convicted felon. Conversely, to establish Jefferson's guilt in this case of violating Code § 18.2-308.2, the Commonwealth had to prove that he had previously "been convicted of a

felony" and that he "knowingly and intentionally possesse[d] or transport[ed] any firearm." Code § 18.2-308.2. The Commonwealth was not required to prove that the handgun in Jefferson's possession was concealed. See Jones v. Commonwealth, 16 Va. App. 354, 358, 429 S.E.2d 615, 617 (noting that Code § 18.2-308.2 "is concerned with preventing a person, who is known to have committed a serious crime in the past, from becoming dangerously armed, regardless of whether that person uses, displays, or conceals the firearm"), aff'd on reh'g en banc, 17 Va. App. 233, 436 S.E.2d 192 (1993). Hence, while possession of the handgun was conduct common to the prosecution of both statutory offenses, the attendant acts and legal disabilities necessary to sustain the two prosecutions were decidedly different.

Thus, "the nature of the specific act peculiar to each prosecution" was separate and distinct. Johnson, 38 Va. App. at 147, 562 S.E.2d at 346. Consequently, "the 'same evidence' would not produce a conviction for both offenses." Id. Accordingly, the subject statutory violations involve separate acts, and Jefferson's indictment and conviction in the instant case are not barred by Code § 19.2-294.

For these reasons, we affirm the trial court's denial of Jefferson's motion to quash the indictment and affirm Jefferson's conviction.

Affirmed.