COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, Alston and Senior Judge Frank
Argued at Norfolk, Virginia

UNPUBLISHED

KASHAWNA JEAN MOORE

v.      Record No. 0662-17-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE ROBERT P. FRANK
MAY 1, 2018

FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Charles E. Haden for appellant.

Victoria Johnson, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Kashawna Jean Moore, appellant, was convicted of unlawful wounding in violation of

Code § 18.2-51. On appeal, she contends that Code § 19.2-294 barred the conviction because

she previously was convicted of improper driving under Code § 46.2-869. She argues that Code

§ 19.2-294 barred the felony conviction because both offenses arose out of the same act of

driving. For the following reasons, we affirm appellant's conviction of unlawful wounding.

BACKGROUND

The facts are not in dispute. On September 20, 2013, appellant, who was driving her car,

followed her ex-boyfriend, Edward Neal, who was riding his bicycle. Appellant and Neal

stopped and had a verbal argument. Then Neal continued riding his bicycle. When Neal came to

an intersection, appellant turned her car around and faced Neal. Appellant waited until Neal rode

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

his bicycle towards her, accelerated her car, and struck Neal and his bicycle. Neal was injured as a result and treated at a local hospital.

Appellant was issued a summons that same day for reckless driving under Code § 46.2-853. The Hampton Police Department obtained a warrant for malicious wounding and, on March 26, 2014, the charge was certified to the trial court. Moore was indicted for malicious wounding on May 5, 2014. On June 9, 2014, appellant was convicted of improper driving under Code § 46.2-869 in the General District Court for the City of Hampton.

On October 4, 2016, appellant moved to dismiss the malicious wounding charge, asserting that it was barred by Code § 19.2-294. She argued the prosecutions for the traffic offense and the malicious wounding were successive and based on the same act.

In a March 1, 2017 letter opinion, the trial court found the prosecution of the malicious wounding charge was successive[1] to the prosecution of the traffic offense, but that the two offenses did not involve the same act. While recognizing that driving a motor vehicle was a common feature to both offenses, the trial court found that "the same evidence would not produce a conviction for both offenses." The trial court concluded the two offenses did not involve the same act and denied the motion to dismiss.[2]

This appeal follows.

ANALYSIS

Appellant contends Code § 19.2-294 bars her conviction of unlawful wounding because she previously was convicted of improper driving, both offenses arising out of the same act of

---

[1] The Commonwealth does not challenge the trial court's ruling on successive prosecutions.

[2] Judge William H. Shaw, III, presided at a hearing on appellant's motion to dismiss the malicious wounding charge and rendered an opinion denying the motion. Subsequently, Judge Wilford Taylor accepted appellant's conditional guilty plea to the lesser charge of unlawful wounding and sentenced her.

driving. Appellant argues that operating her vehicle was the act that gave rise to both offenses.[3]

Our analysis, then, is whether appellant's act of driving her vehicle and hitting her ex-boyfriend

is a separate violation of two statutes, improper driving under Code § 46.2-869 and unlawful

wounding under Code § 18.2-51.

"In reviewing a double jeopardy claim, or a claim based on statutory interpretation, this

Court shall conduct *de novo* review." Davis v. Commonwealth, 57 Va. App. 446, 455, 703

S.E.2d 259, 263 (2011).

Code § 19.2-294 provides in relevant part:

> If the same act be a violation of two or more statutes, or of
> two or more ordinances, or of one or more statutes and also one or
> more ordinances, conviction under one of such statutes or
> ordinances shall be a bar to a prosecution or proceeding under the
> other or others.

"Although the language of [this statute] does not state that it provides a defense of former

jeopardy, 'it amounts to such a defense in purpose and desired effect.'" Davis, 57 Va. App. at

458, 703 S.E.2d at 265 (quoting Londono v. Commonwealth, 40 Va. App. 377, 393, 579 S.E.2d

641, 648 (2003)). Unlike the Fifth Amendment prohibition against double jeopardy, Code

§ 19.2-294

> "speaks to 'acts' of the accused, not elements of the offense."
> Wade v. Commonwealth, 9 Va. App. 359, 365, 388 S.E.2d 277,
> 280 (1990). So "'if two offenses involve "two separate and
> distinct acts," conviction of one does not bar a prosecution for the
> other.'" Johnson v. Commonwealth, 38 Va. App. 137, 145, 562
> S.E.2d 341, 345 (2002) (quoting Lash v. County of Henrico, 14
> Va. App. 926, 930, 421 S.E.2d 851, 853 (1992) (*en banc*)).

Davis, 57 Va. App. at 458, 703 S.E.2d at 265.

---

[3] Appellant does not argue that the two convictions violated the Fifth Amendment prohibition against double jeopardy.

Because the prohibition of Code § 19.2-294 "only 'forbids multiple prosecution of offenses springing from the *same* criminal act,'" if the "statutory violations involve different acts, the prohibition is not applicable." Lash, 14 Va. App. at 930, 421 S.E.2d at 853 (quoting Jones v. Commonwealth, 218 Va. 757, 761, 240 S.E.2d 658, 661 (1978)). Thus, "a conviction of one statutory offense does not bar conviction under another statutory offense if each offense could have been proved without the necessity of proving the other." Jefferson v. Commonwealth, 43 Va. App. 361, 367, 597 S.E.2d 290, 293 (2004) (quoting Fitzgerald v. Commonwealth, 11 Va. App. 625, 628, 401 S.E.2d 208, 210, aff'd on reh'g en banc, 13 Va. App. 281, 411 S.E.2d 228 (1991)).

"[T]he test of whether there are separate acts sustaining several offenses 'is whether the same evidence is required to sustain them.'" Treu v. Commonwealth, 12 Va. App. 996, 997, 406 S.E.2d 676, 677 (1991) (quoting Estes v. Commonwealth, 212 Va. 23, 24, 181 S.E.2d 622, 623-24 (1971)). Thus, as the Virginia Supreme Court has held, "one occasion of driving an automobile may give rise to several acts and offenses" if the evidence sustaining the offenses is not the same. Estes, 212 Va. at 24, 181 S.E.2d at 624 (quoting Hundley v. Commonwealth, 193 Va. 449, 451, 69 S.E.2d 336, 337 (1952)). "In applying the 'same evidence' test, 'the particular criminal transaction must be examined to determine whether the acts are the same in terms of time, situs, victim, and the nature of the act itself.'" Johnson v. Commonwealth, 38 Va. App. 137, 146, 562 S.E.2d 341, 345 (2002) (quoting Hall v. Commonwealth, 14 Va. App. 892, 898, 421 S.E.2d 455, 459 (1992) (*en banc*)).

This case is similar to Jefferson, where the defendant was found to be carrying a weapon during a traffic stop. Jefferson, 43 Va. App. at 364, 597 S.E.2d at 292. The defendant was charged and convicted of both carrying a concealed weapon under Code § 18.2-308 and possessing a firearm after conviction of a felony in violation of Code § 18.2-308.2. Id. at 365,

597 S.E.2d at 292. This Court found that assuming time, situs, and victim were the same, the nature of the act was different in each prosecution. Id. at 369, 597 S.E.2d at 294. For the concealed weapon conviction, the Commonwealth had to prove that the defendant had a handgun on his person, hidden from common observation, without legal authority to do so. Id. at 368-69, 597 S.E.2d at 294. But to prove his guilt for the second charge, the Commonwealth was required to prove that he had a prior felony conviction and that he knowingly and intentionally possessed or transported the gun. Id. at 369, 597 S.E.2d at 294.

We conclude that the rationale followed in Jefferson is equally applicable to the present case as the same evidence was not required to sustain appellant's convictions. Initially, appellant was charged with reckless driving under Code § 46.2-853, which requires proof that a defendant drove a motor vehicle "which is not under proper control or which has inadequate or improperly adjusted brakes." Ultimately, appellant was convicted of the reduced charge of improper driving upon a finding that appellant's "degree of culpability [wa]s slight." See Code § 46.2-869. By contrast, to prove unlawful wounding under Code § 18.2-51, the Commonwealth was required to prove appellant unlawfully and with "the intent to maim, disfigure, disable or kill," injured Neal.

To prove improper driving, the Commonwealth had to prove that appellant was operating a "vehicle which [was] not under proper control." See Code §§ 46.2-853 and 46.2-869. This fact in no way proved that appellant unlawfully struck her ex-boyfriend (and with the required intent) so as to constitute unlawful wounding. Conversely, the evidence of intent to maim did not prove that appellant did not have her vehicle under proper control. Here, appellant, in her vehicle, followed Neal, who was riding his bicycle. She turned the car around toward Neal. She waited until Neal was in the path of the car and accelerated in his direction, likely causing him fear. That action by itself constituted improper driving and violated Code § 46.2-869. The further act of continuing to drive until she actually struck the victim was the additional act that

(along with the requisite intent to strike him) constituted unlawful wounding and a violation of Code § 18.2-51. Thus, while proof of the overall act of driving was common to the prosecution of both offenses (as it was in the Court's decision in <u>Davis</u>), the nature of the specific act peculiar to each prosecution was separate and distinct — just as it was in <u>Davis</u>.

We agree with the Commonwealth's contention that there were two distinct victims of the crimes of which appellant was convicted. The victim of the improper driving traffic offense was the Commonwealth, and the victim of the unlawful wounding was Neal. See <u>Davis</u>, 57 Va. App. at 460, 703 S.E.2d at 266 (applying "same evidence" test under Code § 19.2-294, the victim of driving under the influence was the Commonwealth, and the victim of an ensuing manslaughter was the person killed in the accident).

In <u>Davis</u>, this Court decided whether Davis' conviction for driving while intoxicated and aggravated involuntary manslaughter violated Code § 19.2-294. See <u>Davis</u>, 57 Va. App. at 452, 703 S.E.2d at 262. Davis contended these two offenses arose out of the same act. <u>Id.</u> at 458, 703 S.E.2d at 264. In analyzing whether the acts are the same in terms of time, situs, victim, and the nature of the act itself, we held that each act had a different victim. <u>Id.</u> at 460, 703 S.E.2d at 266.

CONCLUSION

We find that the offenses of improper driving and unlawful wounding involve different acts and that different evidence was required to support each conviction. Accordingly, the trial court did not err in denying the motion to dismiss, and we affirm the conviction.

<u>Affirmed.</u>