PRESENT: Lemons, C.J., Goodwyn, Mims, Powell, Kelsey, and McCullough, JJ., and Millette, S.J.

RAEQUAN EVANS, s/k/a RAEQUAN D. EVANS

v. Record No. 190846

COMMONWEALTH OF VIRGINIA                              OPINION BY
                                            JUSTICE STEPHEN R. McCULLOUGH
and                                                December 3, 2020

MARIAH LESLIE CONWAY

v. Record No. 190898

COMMONWEALTH OF VIRGINIA

FROM THE COURT OF APPEALS OF VIRGINIA

In these consolidated appeals, we must determine whether Code § 19.2-294 precludes

convictions for possession of a firearm by a convicted felon when the defendants were convicted

in prior prosecutions of carrying a concealed weapon. We take this opportunity to clarify the

proper test that governs the application of the successive prosecution bar found in Code

§ 19.2-294. For the reasons noted below, we will affirm the defendants' convictions.

BACKGROUND

*Evans*

The parties stipulated to the facts at trial. On July 30, 2017, a Norfolk police officer on

bicycle patrol noticed that Raequan Evans had what appeared to be a partially concealed

handgun beneath his shirt. The officer detained him. *Id.* Evans admitted he had a firearm. *Id.*

The officer lifted Evans's shirt and retrieved a semi-automatic pistol from the front of Evans's

pants. *Id.* Evans did not have a concealed weapon permit. *Id.* The officer confiscated the

firearm and issued a summons for carrying a concealed weapon in violation of Code § 18.2-308. *Id.*

The charge of possession of a concealed weapon was continued several times, with two such occasions being necessitated by Evans's failure to appear. On February 15, 2018, in Norfolk General District Court, Evans entered a guilty plea pursuant to a written plea agreement and was convicted of carrying a concealed weapon. The conviction was based on the encounter with the police officer on July 30, 2017. *Id.*

On October 4, 2017, the Commonwealth obtained an indictment charging Evans with possession of a firearm by a convicted felon based on the officer's seizure of the pistol from Evans on July 30, 2017. Evans filed a motion to dismiss, contending that Code § 19.2-294 barred his prosecution for possession of a firearm as a convicted felon. The circuit court denied his motion. Evans subsequently entered a conditional plea of guilty reserving the right to challenge his conviction under Code § 19.2-294. He was later sentenced to serve the mandatory five years in prison called for by Code § 18.2-308.2.

*Conway*

On April 7, 2016, Danville police officers encountered several individuals on the street, including Mariah Conway. Police recovered a revolver in the grass near where Conway was standing. Later, after a review of the officers' body worn camera footage, the Commonwealth charged Conway with carrying a concealed weapon. On August 29, 2016, Conway pled guilty in the Danville General District Court to a charge of carrying a concealed weapon in violation of Code § 18.2-308.

On January 3, 2018, Conway was indicted for possession of a firearm as a convicted felon. She filed a motion to dismiss, arguing that Code § 19.2-294 barred this prosecution. The

2

trial court denied her motion. Conway proceeded to trial by a jury. She was convicted and sentenced to serve the mandatory five-year term of incarceration imposed by Code § 18.2-308.2.

*Evans and Conway Appeal to the Court of Appeals*

Relying on *Jefferson v. Commonwealth*, 43 Va. App. 361, 367 (2004) and *Johnson v. Commonwealth*, 38 Va. App. 137, 147 (2002), the Court of Appeals denied Evans's and Conway's appeals by unpublished per curiam orders. *Evans v. Commonwealth*, Record 1537-18-1 (May 31, 2019); *Conway v. Commonwealth*, Record 1094-18-3 (April 10, 2019). In declining the appellants' invitations to overturn *Jefferson* and *Johnson*, the Court of Appeals noted that these published cases could only be overturned by the Court of Appeals, sitting en banc, or by this Court. *Id*.

We awarded Evans and Conway an appeal and paired the two cases.

ANALYSIS

We review questions of statutory construction de novo. *Courtney v. Commonwealth*, 281 Va. 363, 366 (2011). "[I]f the language of a statute is unambiguous, courts may not interpret the language in a way that effectively holds that the General Assembly did not mean what it actually expressed." *Hicks ex rel. Hicks v. Mellis*, 275 Va. 213, 218 (2008).

Evans and Conway argue that under the plain language of Code § 19.2-294, their convictions for possession of a firearm as a convicted felon must be dismissed. They acknowledge hostile precedent but contend those cases were wrongly decided. The Commonwealth responds that our own precedent compels affirmance and urges us to adhere to precedent from the Court of Appeals.

3

I. ORIGIN AND INTERPRETATION OF CODE § 19.2-294.

In 1918, the General Assembly enacted Code § 4775, the predecessor to Code

§ 19.2-294. It provided that:

> If the same act be a violation of two or more statutes, or of two or more municipal ordinances, a prosecution or proceeding under one of such acts or ordinances shall be a bar to a prosecution under the other or others.

In 1920, the statute was amended to substitute "conviction" for "a prosecution or proceeding"

and to add the last sentence, which resulted in the following form of the statute:

> If the same act be a violation of two or more statutes, or of two or more municipal ordinances, conviction under one of such acts or ordinances shall be a bar to a prosecution or proceeding under the other or others. Furthermore, if the same act be a violation of both a State and a Federal statute a prosecution or proceeding under the Federal statute shall be a bar to a prosecution or proceeding under the State statute.

1920 Va. Acts ch. 118. Although there have been additional amendments, none of them

substantively changed the language of the statute as is relevant here. Currently, Code § 19.2-294

provides that:

> If the same act be a violation of two or more statutes, or of two or more ordinances, or of one or more statutes and also one or more ordinances, conviction under one of such statutes or ordinances shall be a bar to a prosecution or proceeding under the other or others.

"Like the Fifth Amendment bar of former jeopardy, Code § 19.2-294 prevents the

Commonwealth from 'subjecting an accused to the hazards of vexatious, multiple

prosecutions.'" *Phillips v. Commonwealth*, 257 Va. 548, 551 (1999) (quoting *Hall v.

Commonwealth*, 14 Va. App. 892, 899 (1992) (en banc)). Unlike the Fifth Amendment

*Blockburger* test (developed under *Blockburger v. United States*, 284 U.S. 299 (1932)

("*Blockburger*")), however, Code § 19.2-294 is not concerned with the elements of an offense.

Instead, it bars a subsequent prosecution based on the "same act." Therefore, the plain language

4

of Code § 19.2-294 requires an examination of the act committed by a defendant upon which a prior prosecution was predicated. Additionally, the statutory bar applies only if there has been "a conviction under one of the acts or ordinances before this clause of the statute operates. A mere proceeding or prosecution which does not result in a conviction does not bar another prosecution in a state court." *Owens v. Commonwealth*, 129 Va. 757, 759 (1921). Code § 19.2-294 also "does not apply to simultaneous prosecutions." *Phillips*, 257 Va. at 552.[1]

The statute traces its origin to *Arrington v. Commonwealth*, 87 Va. 96 (1890). In that case, the defendant was convicted of selling liquor on a Sunday. *Id*. at 99-100. Afterwards, she was charged with selling liquor without a license based on the same acts. *Id.* We held in *Arrington* that her prior conviction for the unlawful sale of liquor on a Sunday did not bar her subsequent prosecution and conviction for the sale of the same liquor without a license because "[t]he two indictments [were] under different statutes; the penalties prescribed [were] different; and the evidence required to support a conviction in either case [was] not the same." *Id.* at 100. The applicable test was "not whether the defendant ha[d] already been tried for the same act, but whether [she] ha[d] been put in jeopardy for the same offense." *Id.* at 99-100. *Arrington* thus prefigured *Blockburger*, the seminal Double Jeopardy decision from the United States Supreme Court.

That outcome was of concern to the legislature, as we acknowledged in *Owens v. Commonwealth*, 129 Va. 757 (1921). In *Owens*, the defendant was charged with a violation of the prohibition laws, and while his case was pending in state court he was charged with the same offense in federal court. *Id.* at 758-59. We ultimately rejected his argument that *the filing* of the

---

[1] We held in *Quidley v. Commonwealth*, 190 Va. 1029, 1036 (1950) that the predecessor statute to Code § 19.2-294 did not apply to civil forfeitures.

5

federal charge required dismissal of the then-pending state charge under the predecessor statute to Code § 19.2-294. *Id*. at 761-62. In reviewing the history of the statute, we cited as authoritative the Revisors' Note to the 1920 amendment, observing that, in enacting the statute, the legislature "desired to remove the apparent hardship manifest in *Arrington v. Commonwealth*, 87 Va. 96 [(1890)], in which a prisoner had committed but a single act, but, inasmuch as it violated two statutes, she was convicted under both." *Id.* at 759-60.

In the decades that followed *Owens*, two divergent strands emerged. Some of the cases from this Court and the Court of Appeals tack closely to the plain language of the statute by examining whether the successive prosecutions were based on the "same act." For example, in *Jones v. Commonwealth*, 218 Va. 757 (1978), the defendant argued that the theft of certain money from a hotel clerk at the hotel's reception desk, underlying his robbery conviction, and the theft of the hotel's courtesy car from the hotel parking lot 200 yards away, underlying his conviction for grand larceny, constituted continuous, indivisible parts of the same act and, therefore, his subsequent prosecution was barred by operation of Code § 19.2-294. *Id.* at 760.

The Commonwealth, citing *Blockburger*, 284 U.S. at 304, argued that "even if it be assumed that these were but one act, the statute [would] not apply because the two thefts constituted two different offenses." *Id.* (internal quotation marks omitted). Under *Blockburger*, this Court observed, "[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id*. (quoting *Blockburger*, 284 U.S. at 304). This Court rejected the Commonwealth's argument, explaining that the identity of the offense test in *Blockburger* applied to the constitutional guarantees and not to Code § 19.2-294, which refers to the identity

6

of the act. *Id.* "Thus, if the offenses are different and one is not lesser-included in the other, the constitutional guarantee does not apply. If the acts are different, the statutory mandate does not apply." *Id.* at 760-61 (internal citations omitted).

Having set forth this framework, we reviewed the facts to determine the identity of the act. We concluded that the thefts were not the same act for purposes of the statute because the theft of the money and the theft of the car were not committed "at one and the same time." *Id.* at 761. Rather, the theft of the money from the clerk was completed when the money was taken and carried out of the hotel. *Id.* The theft of the car, which was located two hundred yards away in the hotel parking lot, occurred at a different place and later point in time. *Id.* Despite the fact that the thefts involved the same victim and were committed by the same criminal agent, in terms of time and situs, they involved separate and distinct acts of taking and asportation, rather than a continuous, indivisible act. *Id.* Therefore, the statute did not apply to bar Jones' prosecution for grand larceny of an automobile subsequent to his conviction for robbery of money from the hotel clerk. *Id.*

Other decisions adhere to this fact-based inquiry. *See Roach v. Commonwealth*, 51 Va. App. 741, 747-48 (2008) (Code § 19.2-294 did not apply because the "misdemeanor and felony obstruction of justice charges arose from two separate acts, committed by appellant at different times, and in different geographical locations."); *Wade v. Commonwealth*, 9 Va. App. 359, 363-65 (1990) (Where both the obstruction of justice charge and the attempted murder charge arose from the same act of firing a gun, the subsequent charge violated Code § 19.2-294 and further noting that the statute "speaks to 'acts' of the accused, not elements of the offense.").

A parallel line of precedent developed, however, in which this Court and the Court of Appeals conflated the protections of the Double Jeopardy bar with those of the statutory "same

7

act" bar. In *Hundley v. Commonwealth*, 193 Va. 449, 450-51 (1952), we examined whether the statute precluded a conviction for driving while under the influence of intoxicants and for reckless driving, when both convictions arose from one occurrence of driving. We related that the defendant drove at such high rates of speed and in such a dangerous manner that the officer in pursuit, despite employing "every method [he] could think of," could not stop him. *Id.* at 451. The officer testified that when he would try to pull up beside Hundley's vehicle, Hundley would "cut very sharply over in front of [him]" and that he did so while traveling at excessive speeds. *Id.* We concluded that these facts established two separate acts resulting in the commission of the two offenses at issue and therefore the statute did not apply. *Id.* We observed that a person under the influence of intoxicants can drive properly and a person not under the influence may drive recklessly. *Id.*

> In addition, however, we stated that:

> A test of the identity of acts or offenses is whether the same evidence is required to sustain them; if not, then the fact that several charges relate to and grow out of one transaction or occurrence does not make a single act or offense where two separate acts or offenses are defined by statute, as in the instant case.

*Id.* In support of this test, we cited to several foreign cases employing the same evidence test. *Id.* (citations omitted). We also cited to foreign cases that had determined that reckless driving and driving under the influence of intoxicants, when both were involved in the same occurrence, were separate acts, and "therefore constitute[d] separate offenses and the prosecution for one offense [was] no bar to a prosecution for that coupled with it." *Id.* at 451-52 (citations omitted).

Although this Court in *Hundley* examined the facts to determine whether the acts of the accused in both prosecutions constituted the "same act," we nevertheless articulated a test that departed from the inquiry the statute contemplates. *Hundley* conflated the statutory "same act" bar with principles governing the constitutional bar against Double Jeopardy. A number of

8

Court of Appeals decisions followed in *Hundley*'s wake.[2]  For example, the Court of Appeals

stated in *Jefferson* that "[t]he test of whether there are separate acts sustaining several offenses

'is whether the same evidence is required to sustain them.'"  43 Va. App. at 367 (quoting *Estes v.*

*Commonwealth*, 212 Va. 23, 24 (1971)).

Applying this test in *Johnson*, the Court of Appeals assumed that the time, situs and

victim coincided, but concluded that:

> [T]he nature of the specific act peculiar to each prosecution is distinct.  In the
> first instance, defendant admittedly was unlawfully operating a vehicle while
> his privileges were in suspension.  In contrast, the subject prosecution resulted
> from such operation after he had been adjudicated an habitual offender.
> While driving was conduct common and necessary to each offense, the legal
> disability upon defendant that attended and was integral to the respective acts
> was significantly different.  Thus, the "same evidence" would not produce a
> conviction for both offenses.  Accordingly, the disparate "nature" of the acts
> saves the instant prosecution from the reach of Code § 19.2-294.

38 Va. App. at 146-47.  A "legal disability" differs from, and should not be part of, the "same

act" analysis.  A legal disability or status, such as being declared an habitual offender or a

previously convicted felon, is an adjudication; it has nothing to do with an inquiry into whether a

subsequent prosecution is based on the "same act" as a prior prosecution.

The "same evidence" test cannot be reconciled with the plain language of Code

§ 19.2-294 and can, in practice, defeat the protection afforded by this statute.  The protection

---

[2] Subsequent to *Hundley*, the legislature enacted what is now Code § 19.2-294.1, which
provides that:

> Whenever any person is charged with a violation of [the statute prohibiting
> driving while intoxicated] or any similar ordinances of any county, city, or town
> and with reckless driving . . . growing out of the same act or acts and is convicted
> of one of these charges, the court shall dismiss the remaining charge.

(1960 Acts ch. 493).  This statute overruled *Hundley's* holding that driving while intoxicated and
driving recklessly constituted two separate acts.

afforded by Code § 19.2-294 depends on whether a given action is or is not the "same act." To restore clarity to the law, we overrule *Jefferson*, 43 Va. App. at 367 and *Johnson*, 38 Va. App. at 147, and reject any test articulated in *Hundley*, 193 Va. at 451 or other prior cases that diverge from the factually based "same act" analysis required by Code § 19.2-294.

Instead, whether an act at issue is the "same act" under Code § 19.2-294 turns on a common sense assessment of whether (1) the act in question is a separate volitional act, (2) the acts are separated in time and place, and (3) the act differs in its nature.

To summarize, Code § 19.2-294 bars a prosecution when:

(1) The defendant was *previously* prosecuted – if the prosecutions are *simultaneous*, Code § 19.2-294 does not apply;

(2) the prior prosecution resulted in a conviction – if the defendant was not convicted, Code § 19.2-294 does not apply; and

(3) the prior prosecution was based on the "same act." In resolving this question, the court should compare the act proved in a prior prosecution with the act alleged in the successive prosecution to determine whether the act is the same: was it separated in time or location, was it a separate volitional act, and did the act differ in its nature?

II.    APPLICATION OF THE TEST TO THE TWO CASES BEFORE US.

Both defendants were convicted in separate prosecutions of carrying a concealed weapon in a first prosecution and possessing a firearm as a convicted felon in a second prosecution. Both cases hinge on whether *possession* of a firearm by a convicted felon is the "same act" as *concealing* a weapon. The guns at issue did not materialize, concealed, in the defendants' pocket or waistband. To be concealed, the weapons had to first be possessed. The possession and concealment may (or may not) have been close temporally, but there can be no dispute that the

10

defendants had to possess the firearms at issue, and that it took separate acts to conceal them.  Just as brandishing a gun differs from concealing it, concealing a weapon differs in its qualitative nature from merely possessing it.  In short, the additional act of concealing the weapon makes it a different act from merely possessing it.  The successive prosecutions did not rest on the "same act."  Consequently, Code § 19.2-294 does not bar the subsequent prosecutions.

Finally, we acknowledge that the judges who heard the cases below believed that possession of the firearm constituted the same act for purposes of Code § 19.2-294.  In some cases, the outcome will undoubtedly turn on the trial judge's findings of fact.  Here, however, the facts are undisputed.  The question before us is how to apply the law to those facts.  The act of concealing a weapon was an act separate from the act of simply possessing the weapon, and, therefore, we affirm the defendants' convictions.

CONCLUSION

We will affirm the defendants' convictions.

*Affirmed*.

SENIOR JUSTICE MILLETTE, with whom JUSTICE GOODWYN and JUSTICE POWELL join, dissenting.

I agree with the majority that the purpose and intended effect of Code § 19.2-294 is to provide a defense of former jeopardy which prevents the Commonwealth from "subjecting an accused to the hazards of vexatious, multiple prosecutions."  *Phillips v. Commonwealth*, 257 Va. 548, 551 (1999) (quoting *Hall v. Commonwealth*, 14 Va. App. 892, 899 (1992) (en banc)).  We have specifically held that Code § 19.2-294 applies to neither simultaneous prosecutions,

11

*Phillips,* 257 Va. at 552, nor to prior prosecutions that did not result in a conviction, *Owens v. Commonwealth*, 129 Va. 757, 759 (1921).

I also agree that, unlike the Fifth Amendment protections against former jeopardy, Code § 19.2-294 is not concerned with whether an accused is being tried for the "same offense," which is determined by application of the "same evidence" test developed under *Blockburger v. United States*, 284 U.S. 299 (1932). Rather, as the majority explains, "the plain language of Code § 19.2-294 bars a subsequent prosecution based on the 'same act' and therefore requires an examination of the act committed by a defendant upon which a prior prosecution was predicated."

Further, as the majority's review of the relevant cases demonstrates, this Court and the Court of Appeals, in applying the *Blockburger* "same evidence" test to ascertain if Code § 19.2-294 applies, has conflated the protections of constitutional double jeopardy with the similar protections against double jeopardy afforded by Code § 19.2-294. Therefore, I agree with the majority that "to restore clarity to the law it is necessary to o*verrule Jefferson v. Commonwealth*, 43 Va. App. 361 (2004) and *Johnson v. Commonwealth*, 38 Va. App. 137 (2002) and to reject any test articulated in *Hundley v. Commonwealth*, 193 Va. 449 (1952) or other prior cases that diverges from the factually based "same act" analysis required by Code § 19.2-294."

I disagree, however, with the test the majority articulates and its application to the facts in each of the cases at bar.

The majority states that:

[W]hether an act at issue is the "same act" under Code § 19.2-294 turns on a common sense assessment of whether (1) the act in question is a separate volitional act, (2) the acts are separated in time and place, and (3) the act differs in its nature.

It explains that courts "should compare the act proved in a prior prosecution with the act alleged in the successive prosecution to determine whether the act is the same: was it separated in time

12

or location, was it a separate volitional act, and did the act differ in its nature?" In identifying the act to be compared in these cases, the majority first observes that "both defendants were convicted in separate prosecutions of carrying a concealed weapon in a first prosecution and possessing a firearm as a convicted felon in a second prosecution." It concludes therefore that the cases at bar "hinge on whether *possession* of a firearm by a convicted felon is the same act as *concealing* a weapon." Thus, the majority focuses upon whether the two offenses have the same elements, rather than upon whether the evidence of the same act is being presented to prove the defendant's guilt of both crimes. It is the act of the defendant proven at trial that determines if Code § 19.2-294 has been violated.

The majority reasons that:

The guns at issue did not materialize, concealed, in the defendants' pocket or waistband. To be concealed, the weapons had to first be possessed. The possession and concealment may (or may not) have been close temporally, but there can be no dispute that the defendants had to possess the firearms at issue, and that it took separate acts to conceal them. Just as brandishing a gun differs from concealing it, concealing a weapon differs in its qualitative nature from merely possessing it.

Based upon this rationale, the majority concludes that the subsequent prosecutions here did not rest on the "same act" and Code § 19.2-294 does not apply.

In my view, the majority's stated identification of the act erroneously continues to focus on the evidence in support of a conviction for the offense rather than the actual evidence presented regarding the specific act of the defendant, upon which the offenses are based.

I also fail to see how ascertaining whether "the act differs in its nature" advances the objective of ascertaining whether an accused has been prosecuted for the same act as contemplated by Code § 19.2-294. The act the witnesses testify to regarding the actions of the defendant are either the same or they are not. If the same act is testified to, Code § 19.2-294 bars prosecution of the subsequently charged crime, and drawing different inferences from the same

13

evidence does not eliminate the bar created by Code § 19.2-294. The majority reasons that "[j]ust as brandishing a gun differs from concealing it, concealing a weapon differs in its qualitative nature from merely possessing it." I disagree with the majority's comparison of the acts of brandishing a weapon and possession of that weapon with the concealment and possession of a weapon as charged here. Brandishing requires a volitional act of pointing or holding a weapon in such a manner as to induce fear which is a separate act from the mere possession of the weapon. However, concealment and possession of that weapon require proof of only the singular act of possession of the weapon while it is being concealed. The majority's analysis continues to focus on the elements of the offenses at issue rather than the evidence regarding the act upon which the offenses are based.

Last, notwithstanding that the majority explicitly, and rightly so, concludes that an accused's status, such as an adjudication as an habitual offender or a previously convicted felon, should never be included in the inquiry to ascertain the same act for purposes of Code § 19.2-294, it nevertheless retains the "nature of the act" as part of the test, which was established in *Johnson,* 38 Va. App. at 146-47, thus focusing the analysis back to the identity of the offense.

Therefore, rather than clarifying this body of law, when it applies its test to the facts of the instant cases, the majority has come full circle, and has returned to an analysis of the elements of the offense.

I believe we need look no further than the test we set out in *Jones v. Commonwealth*, 218 Va. 757, 761 (1978). There we established that an act is the same act as contemplated by Code § 19.2-294 if it involves the same victim and same criminal agent and if it was committed at the same time and situs (the "*Jones t*est"). *Id.* In identifying the act for comparison under this test, we must focus on the act or action that served as the basis for the Commonwealth's charge, not the acts that are inseparable

14

from the elements of the offense. Indeed, the majority instructs courts to "compare the act *proved* in a prior prosecution with the act *alleged* in the successive prosecution to determine whether the act is the same." However, as noted above, the majority discerned the act based on the *offenses* for which the defendants were *convicted*: "carrying a concealed weapon in a first prosecution and possessing a firearm as a convicted felon in a second prosecution." As a practical matter, a defendant who raises Code § 19.2-294 as a bar to a subsequent prosecution does so prior to any subsequent conviction. Therefore, he or she cannot compare a prior prosecution and conviction with a subsequent prosecution and conviction, as the majority does here. Instead, just as both Conway and Evans did below, a defendant moves to dismiss the Commonwealth's indictment because the act upon which the subsequent charge is based is the same operative set of facts and the same act upon which the prior prosecution and conviction was based.

A review of Evans's and Conway's records from this perspective requires the conclusion that "the act" involved in both offenses was the same act of possession of a weapon, which was concealed at the time the defendant was first observed by the relevant witnesses.

*Evans*

The record establishes that on July 30, 2017, a police officer observed Evans walking on a city street in Norfolk with "what appeared to be an inch of the end of a firearm sticking out from underneath [Evans'] shirt." In its first prosecution, the Commonwealth charged Evans for a violation of Code § 18.2-308. This statute provides in relevant part that:

> If any person carries about his person, hidden from common observation, . . . (i) any pistol . . . he is guilty of a Class 1 misdemeanor . . . . It shall be an affirmative defense to a violation of clause (i) regarding a handgun, that a person had been issued, at the time of the offense, a valid concealed handgun permit.

Evans's act of walking on a city street with "what appeared to be an inch of the end of a firearm sticking out from underneath [Evans'] shirt" was unlawful, under Code § 18.2-308, because, as Evans

15

admitted, he did not have the required concealed handgun permit.  Therefore, the evidence shows that the act upon which Evans was first prosecuted was for possession of a concealed weapon in the City of Norfolk on July 30, 2017.

In its subsequent prosecution, the Commonwealth indicted Evans under Code § 18.2-308.2(A), which provides in relevant part that "[i]t shall be unlawful for (i) any person who has been convicted of a felony . . . to knowingly and intentionally possess or transport any firearm . . . ."  The indictment provided that "on July 30, 2017, in the City of Norfolk, [Evans] did feloniously, knowingly and intentionally possess or transport a firearm, after having been previously convicted of a violent felony . . . ."  The indictment is specific about the date and place.  There is no charge, allegation, or other factual support to put the defendant on notice that the Commonwealth intends to prove any separate additional volitional acts, such as where or when Evans came to possess the gun in the first instance or where or when he concealed it underneath his shirt.  Rather, the basis for the Commonwealth's charge is that on July 30, 2017, while in the City of Norfolk, Evans possessed a concealed weapon and the evidence that supported that charge and conviction was based upon the same act which was the basis for Evans's conviction for possession of a concealed weapon.

Applying the *Jones* test to these facts, it is clear that Evans's possession of a concealed weapon involved the same victim (the Commonwealth), was committed by the same criminal agent (Evans), and was committed at the same time (July 30, 2017) and situs (Norfolk).  Therefore, because Evans's possession of a concealed weapon was the act that forms the basis for a violation of both Code §§ 18.2-308 and -308.2, the Commonwealth should have been precluded, pursuant to Code § 19.2-294, from its subsequent prosecution of Evans under Code § 18.2-308.2, because the alleged witnessed "act" by Evans was the same in both cases.

*Conway*

The record establishes that on April 7, 2016, Conway, and several other individuals, were gathered on a certain street in Danville. Two Danville police officers approached the gathered individuals. During their encounter with the group, an officer found a revolver lying on the ground near where Conway was standing. Later, after viewing the footage from the officers' body worn cameras, Conway was charged with "carrying[,] hidden from common observation a .22 caliber revolver handgun." Conway pled guilty to the charge in the Danville General District Court and was convicted for violating Code § 18.2-308. Thus, the act upon which the Commonwealth based its first prosecution of Conway was possession of a concealed weapon.

Nearly two years after Conway's conviction under Code § 18.2-308, she was indicted in the Circuit Court of Danville for a violation of Code § 18.2-308.2. The indictment provided that "[o]n or about April 7, 2016, in the City of Danville, [Conway] did unlawfully feloniously, knowingly and intentionally possess or transport a firearm, having been previously convicted of a violent felony . . . ." As in Evans's case, the indictment is specific with regard to the date and place, but it does not allege where or when Conway came to possess the gun in the first instance or where or when she concealed it, or any act on her part which was different from that alleged regarding her prior conviction for possession of the firearm. It is clear therefore that the concealment is the basis for the charge of possession.

Applying the *Jones* test to the relevant facts in Conway's case, it is clear that her possession of a concealed weapon involved the same victim (the Commonwealth), was committed by the same criminal agent (Conway), and was committed at the same time (April 7, 2016) and situs (Danville). Therefore, because Conway's act concerning a single alleged possession of a concealed weapon was a violation of two statutes, the Commonwealth should

17

have been precluded, pursuant to Code § 19.2-294, from its subsequent prosecution of Conway under Code § 18.2-308.2.

For these reasons I would dismiss each defendant's conviction under Code § 18.2-308.2. To conclude otherwise permits a conviction based only on inferences, not any alleged or charged actions, that at some unknown time and place prior to concealing the weapon, the defendants each had to independently possess the weapons. The majority's conclusion permits one alleged act of concealment to form the basis for two convictions in contravention of the statute. It was within the Commonwealth's discretion to prosecute the defendants simultaneously for both offenses at issue or it could have chosen to prosecute them for the felony offenses rather than the misdemeanor offenses. Application of the majority's proposed test focuses upon the elements of the offense rather than the previously articulated act of the defendant in determining whether Code § 19.2-294 was violated. Accordingly, affirming the convictions under the facts of these cases frustrates the purpose of Code § 19.2-294 by subjecting Evans and Conway "to the hazards of vexatious, multiple prosecutions." *Phillips,* 257 Va. at 551.

I respectfully dissent.